Peter BEASLEY

v.

Joann PETERS and Robin Beasley.

No. 07–93–0309–CV.

Court of Appeals of Texas,
Amarillo.

Jan. 31, 1994.

Rehearing Denied March 8, 1994.

Peter Beasley, pro se.

Joann Peters, Dallas, for appellees.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

REYNOLDS, Chief Justice.

This appeal from an order of sanctions, imposed for a groundless suit brought for the purpose of harassment, requires of us the novel determination whether a sanction of attorney's fees awarded to an attorney appearing pro se as a litigant is an appropriate sanction. Determining that it is not, we reverse and remand for the imposition of an appropriate sanction.

The litigation underlying this appeal had its genesis in the divorce action of Peter Beasley (Beasley) and Robin Beasley (Robin)

in another district court, and has spawned a flurry of pleadings in the trial court and a multitude of motions there and in this Court.[1] While Beasley was prosecuting an appeal from the decree rendered in the divorce action,[2] he initiated the litigation underlying this appeal pro se. He first sued Joann Peters (Peters), the attorney representing Robin in the divorce action, alleging that actions she took in the divorce proceedings violated his civil rights, constituted malicious prosecution, amounted to fraud and misrepresentation, and invaded his privacy. Peters answered pro se and asserted, among other things, that Beasley's pleadings were frivolous, brought in bad faith and for harassment, and caused her damage for which she should recover reasonable attorney's fees.

Later, Beasley filed an amended petition, naming Robin as a defendant and alleging that, by her actions in connection with the divorce proceedings, she violated his civil rights and committed fraud and misrepresentations. He further alleged that the judgment and orders entered in the divorce proceedings were void and subject to collateral attack, for which he sought a declaratory judgment. Robin answered pro se with a general denial and a request that any litigation expenses incurred by her be adjudged against Beasley.

Following other pleading and motion skirmishes, Peters filed her first amended answer on March 11, 1993.[3] Therein, she contended, as she had in response to Beasley's motion to abate and in her motion to dismiss, that, inter alia, Beasley's pleadings were frivolous, brought in bad faith and for harassment, and were filed as a fictitious suit as an experiment to get an opinion of the court, for which the court, pursuant to rule 13,[4] should hold him in contempt and impose just and appropriate sanctions. The court set a hearing on Peters's motions to dismiss and for sanctions for March 31.

In the meantime, on March 26, Beasley filed his second amended petition as his live trial pleadings. By his pleadings, he claimed a civil rights, 42 U.S.C. § 1983, cause of action because the trial judge who rendered the divorce decree, as well as Peters and Robin, denied him his civil rights during the divorce proceedings, and a cause of action for the conspiracy formed by the three of them to deprive him of his civil rights. He also lodged a collateral attack on the orders and decree entered in the divorce proceedings, alleging they were, and should be declared, void.

Yet, three days later on March 29, which was two days before the scheduled hearing

1. The litigation was filed in, and judgment was rendered by, a district court of Dallas County, from whence an appeal was perfected to the Court of Appeals for the Fifth District of Texas, and thence transferred to this Court by order of the Supreme Court of Texas.

2. The appeal was taken to the Court of Appeals for the Fifth District of Texas where, as shown by this record, the judgment of the trial court was reversed and the cause was remanded for a new trial. *Beasley v. Beasley*, No. 05–92–00187–CV, 1993 WL 189800 (Tex.App.—Dallas, June 2, 1993, n.w.h.).

3. Unless otherwise noted, all dates cited are in the calendar year 1993.

4. All references to rule 13 are to that rule of the Texas Rules of Civil Procedure, which provides:

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion or other paper, that to the best of their knowledge, information, and belief formed *after reasonable inquiry* the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. Attorneys or parties who shall bring a fictitious suit as an experiment to get an opinion of the court, or who shall file any fictitious pleading in a cause for such a purpose, or shall make statements in pleading which they know to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of contempt. If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215–2b, upon the person who signed it, a represented party, or both.
>
> Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. A general denial does not constitute a violation of this rule. The amount requested for damages does not constitute a violation of this rule.

on Peters's motions, Beasley filed his notice of nonsuit. In the notice, he stated that he had not received service of any counterclaims or any pleadings for sanctions and, therefore, his right to a nonsuit was absolute. *See* Tex.R.Civ.P. 162. However, the rule provides that any dismissal shall have no effect on any pending motion for sanctions as determined by the court.

On March 31, the court, finding that Beasley had timely and proper notice of the pending hearing on sanctions, considered, in a recorded hearing, Peters's request for sanctions contained in her response to Beasley's previously filed motion to abate and in her first amended answer. Hearing evidence, reviewing the exhibits, and considering the pleadings, the court found that Beasley's action was groundless and brought for the purpose of harassment, his pleadings were frivolous, brought in bad faith, and violated rule 13, for which sanctions should be imposed against him. The sanctions, as set forth in the court's order signed on April 1, were that Beasley shall, on or before May 1, pay to Peters $8,000, the "attorney's fees" found to have been "reasonably incurred" by her, and pay to Robin $250, the reasonable expenses found to have been incurred by her.

On the following April 15, Beasley filed his combined motions for new trial; to withdraw his nonsuit and to abate the proceedings; to set aside the sanctions; for Peters, whom Beasley believed was defending the lawsuit on behalf of Robin, to show her authority; and to disqualify Peters if she were defending Robin. The court set a hearing on the motions for April 29. Peters filed a pro se response to the motions on April 23, moving for, among other things, additional sanctions pursuant to rule 13 for false allegations in Beasley's motions, and additional attorney's fees.

On April 29 in a recorded hearing with the parties present, the court considered Beasley's motions and, considering the evidence and pleadings, denied them. At that time, the court, announcing that it was not setting aside the previous April 1 order, but was not imposing the May 1 payment date, ordered a further hearing to be held on May 10 for reconsideration of sanctions imposed against

Beasley by its April 1 order, and for determination of an appropriate and just sanction.

In the interim, on May 5, Beasley filed a response to Peters's motion for rule 13 sanctions, contending that Peters's motion was moot, being on a non-existent pleading he had withdrawn by his nonsuit; that his pleadings, grounded on firm statutory authority, were not groundless and were not filed in bad faith or for harassment, delay, or to obtain an experimental ruling from the court; and that his suit was not fictitious. He also alleged that Peters's motion for sanctions was groundless in fact since she, defending pro se, was barred from recovering attorney's fees and, thus, she was subject to sanctions, and should be sanctioned, under rule 13.

A recorded hearing with the parties present was held on May 10. Having heard the evidence, reviewed exhibits, and considered the pleadings, the court found that Beasley's suit was groundless and brought for the purpose of harassment, and that his pleadings were frivolous and brought in bad faith for the purpose of harassment, all in violation of rule 13, and that sanctions should be imposed against Beasley, who signed the pleadings. The court further found that "$11,900 attorney's fees were reasonably and necessarily incurred by" Peters, "that the attorney's fees were directly related to the sanctionable (sic) conduct, and as a just and reasonable sanction should be paid by" Beasley to Peters, "instead of the sanctions of attorneys (sic) fees and expenses stated in the April 1, 1993 Sanction Order." The court then ordered "that in lieu of the sanctions of the April 1, 1993, order," Beasley to pay Peters $11,900. The court's order was signed on May 19.

The day after the hearing, on May 11, Beasley filed his verified exceptions to the court's May 10 ruling on sanctions. He asserted that the court had issued the order of sanctions during an ongoing hearing before he had rested, closed, or made oral argument, and that he did not have the opportunity to be heard on the issue of his pleadings.

Peters answered with her verified response on May 14. She submitted that Beasley's exceptions were groundless, brought in

bad faith, intentionally misrepresented the facts, and constituted further harassment, which warranted rule 13 sanctions. She requested an award of reasonable attorney's fees if a sanction hearing were conducted. Robin added her response on May 17, stating that Beasley had presented false assertions and representations, that the hearing he requested would constitute harassment, and if the hearing was required, she should be awarded attorney's fees and expenses.

The court set a hearing on the motion and request for sanctions filed with respect to Beasley's exceptions for May 28. On that day, Beasley countered with his verified response, claiming that Peters's affidavit was false and subject to rule 13 sanctions. Holding the hearing, the court denied both Peters's and Beasley's motions for sanctions.

Beasley filed a notice of limitation of appeal and perfected his appeal, presenting three points of error within the framework of the limited appeal. Before the points are considered, it is appropriate to dispose of the pending motions and responses, received from the parties subsequent to perfection of the appeal, which were held for disposition when the appeal was resolved on its merits.

■ Beasley has moved to strike references in Peters's brief which are said to be outside the record. It suffices to state that any reference in the brief outside the appellate record cannot, and will not, be considered, *Sabine Offshore Service, Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex.1979), and to that extent, the motion is granted.

■ Earlier, Peters, who filed a brief and signed it "for appellees," was directed, upon the motion of Beasley, to show her authority to represent Robin and, when she did not satisfactorily do so, her brief was accepted as hers only and Robin was extended time to file her brief. Beasley then moved for a rule 13 sanction against Peters because her assertion that she represented Robin was groundless and in bad faith. Subsequently, Robin filed a verified response in which she stated she requested Peters to file a brief on her behalf if one was required or needed on appeal.

Given this preliminary conflict, this Court cannot make original findings of fact, *Texas Nat. Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex.1986), and will not attempt to second guess the previously noted trial court's denial, on factual considerations, of Beasley's motion to sanction Peters for the same asserted representation he advanced here, particularly since Beasley has not complained of the trial court's decision. His motion for sanctions is overruled.

Beasley did not limit his appeal only to Peters and he named Robin as an appellee in his brief; but, now, he has moved for reconsideration of the extension of time for Robin to file a brief on the theory that the briefing is moot, because there is no issue as to her before the Court. Peters agrees and Robin, by a recently filed motion, requests that she be dismissed from the appeal since both Beasley and Peters agree that she does not have any issue before the Court.

By virtue of the court's April 1 sanction order, Beasley, having been adjudged guilty of rule 13 conduct warranting sanctions, was obligated to pay Peters $8,000 as attorney's fees and Robin $250 as expenses. However, on May 10, the court exercised its plenary power over its prior order before it became final as a result of Beasley's timely motion for new trial. *Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex.1978). In doing so, the court signed its May 19 sanction order and, without setting aside the April 1 order, provided that "in lieu of the sanctions of the April 1, 1993 order," the sanction imposed on Beasley was the payment of $11,900 as attorney's fees incurred by Peters. The effect of the May 19 order was not to vacate the April 1 order, but only to modify it as to the sanction imposed, thereby merging the remainder of the April 1 order into the May 19 order as the final order in the cause. *Zachry Co. v. Thibodeaux*, 364 S.W.2d 192, 193 (Tex.1963).

■ Consequently, the final order eliminated the previous sanction of expenses awarded to Robin. She, by Beasley's appeal, became an appellee, who made no complaint to the final order. Then, not being involved in any issue on appeal, she is entitled to be dismissed as a party to the appeal. Both

Beasley's motion for reconsideration and Robin's motion for dismissal are granted.

With the disposition of the pending motions, consideration is given to Beasley's three points of error. He contends the trial court (1) abused its discretion by ordering sanctions without a full hearing, (2) erred in finding his pleadings were groundless, and (3) abused its discretion by ordering a sanction for attorney's fees to a pro se litigant.

■ Initially, Beasley submits that in the May 10 hearing, the court found his pleadings were groundless and filed for the purpose of harassment before he was allowed to present his complete evidence against the finding or to argue the point. The point is not well-taken.

The findings that Beasley's action was groundless and brought for the purpose of harassment, and that his pleadings were frivolous, brought in bad faith, and violated rule 13, were made as a result of the March 29 factual hearing and set forth in the court's April 1 order. During the April 29 hearing, the court, announcing a new hearing on sanctions would be held on May 10, made it clear that the April 1 order was not set aside. Indeed, in modifying the April 1 order only as to the sanctions there imposed as a result of the May 10 hearing, the court left intact the findings of Beasley's rule 13 violations to be merged into its final May 19 order. Beasley's limited appeal does not encompass a challenge to the findings of rule 13 violations contained in the April 1 order and merged into the final May 19 order.

Although during the May 10 hearing the court stated, "And, as I said, I have already found that the pleadings have been filed for the purpose of harassment, that they are groundless, and that they were brought in bad faith," it is also clear from the record that the court read the pleadings, took judicial notice of the entire contents of the file, and was, as the court said, "intimately familiar with the file." Moreover, the only thing before the court was, as the court announced to Beasley, "[T]he appropriate sanction which this Court should impose on you." Beasley made no objection before the hearing ended that the hearing was limited to the appropriate sanction, that he was not allowed to present his complete evidence or that he was denied a full hearing.

In determining whether rule 13 was violated, the trial court was required to hold an evidentiary hearing to make that determination, being ultimately required to examine Beasley's credibility as signer of the pleadings, taking into consideration all the facts and circumstances available to him at the time he filed the pleadings. *Home Owners Funding Corp. v. Scheppler*, 815 S.W.2d 884, 888–89 (Tex.App.—Corpus Christi 1991, no writ). Not only did the court's plenary power give it the authority and responsibility to review all orders, thereby creating the presumption that the court was familiar with the entire record, *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986), but the record affirmatively established that an evidentiary hearing was held, the court read the record, and was intimately familiar with it. Under these circumstances, it cannot be said that the court abused its discretion by issuing its final sanction order without a full hearing. Beasley's first point of error is overruled.

■ In contending that the trial court erred in finding his petition was groundless, Beasley asserts that by his second amended petition, he firmly pleaded a valid section 1983 cause of action, which was enforceable in a state court. He does not defend his claim of conspiracy or collateral attack on the divorce decree and orders contained within the amended petition, or the other pleadings he filed, all of which the trial court had the responsibility to consider, *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d at 241, and in fact did consider in making its order.

When Beasley filed his various pleadings collaterally attacking the orders and decree entered in the divorce proceedings, his own pleadings showed that he had taken, and there was then pending, a direct appeal from the divorce decree. Consequently, a collateral attack on the decree in another court would not lie. Even if the decree were void, as Beasley alleged, it still would not be subject to a collateral attack. *Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex.1985). Be-

yond that, the trial court heard witnesses as to the facts and circumstances known to Beasley at the times he filed his other undefended pleadings subject to the sanction motions, and had the opportunity to judge their credibility. As a rational trier of fact, the court could have believed from the evidence that Beasley's pleadings were groundless. *See, e.g., Bloom v. Graham,* 825 S.W.2d 244, 248 (Tex.App.—Fort Worth 1992, writ denied); *P.N.L., Inc. v. Owens,* 799 S.W.2d 439, 441 (Tex.App.—El Paso 1990, no writ). In this situation, the trial court cannot be charged with error in finding Beasley's pleadings were groundless. His second point of error is overruled.

Finding rule 13 was violated, the court was authorized by the rule to impose an appropriate sanction available under rule 215(2)(b), Texas Rules of Civil Procedure, among which is the payment of "reasonable expenses, including attorney fees." Tex.R.Civ.P. 215(2)(b)(8). Beasley contends, with his third point of error, that the trial court abused its discretion in awarding attorney's fees to Peters, a pro se litigant.

Neither party has cited Texas authority, and we have not found any, which has determined whether an attorney who is a pro se litigant is entitled to attorney's fees as a sanction. In support of the court's order, Peters submits, without citing authority, that she evidenced the time she spent, the reasonable value of the time expended, and that the fees had been incurred. However, her testimony that the fees had been incurred was a bare conclusion, since it was based on the time she expended in the cause valued at the rate she typically charged clients, and it is undisputed that Peters neither paid, nor became liable to pay, any attorney's fees. Thus, contrary to her conclusion, Peters did not incur, *i.e.,* become liable to pay, any attorney's fees, and the monetary sanction of attorney's fees is, as noted in *Braden v. Downey,* 811 S.W.2d 922, 929 (Tex.1991), unrelated to any reasonable attorney's fees "incurred" by Peters. In reality, Peters was allowed, and attempts to justify, the attorney's fees for the time she lost in the litigation; but, conversely, it is settled that time lost is an expense of litigation for which

recovery is not allowed. *Shenandoah Assoc. v. J & K Properties,* 741 S.W.2d 470, 487 (Tex.App.—Dallas 1987, writ denied); *Eberts v. Businesspeople Personnel Services,* 620 S.W.2d 861, 863 (Tex.Civ.App.—Dallas 1981, no writ); *Phillips v. Latham,* 523 S.W.2d 19, 27 (Tex.Civ.App.—Dallas 1975, writ ref'd n.r.e.).

A better reasoned answer to the question is offered by *Kay v. Ehrler,* 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991), cited by Beasley. There, Kay, an attorney who successfully represented himself in a civil rights action, sought a reasonable attorney's fee as a part of the costs under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. Affirming the denial of an award of attorney's fees, the Court rationalized that the word "attorney," by definition, assumes an agency relationship, and Congress likely contemplated an attorney-client relationship was the predicate for the award. 499 U.S. at 435–36, 111 S.Ct. at 1436–37.

So, too, in providing for the rule 215(2)(b)(8), *supra,* sanction of an award of attorney's fees, the rule makers likely contemplated an attorney-client relationship was the predicate for that particular sanction. Conformably, no reported Texas decision has allowed the sanction of attorney's fees unless the litigant was represented by an attorney. It follows that a sanction of an award of attorney's fees to an attorney appearing pro se as a litigant is not an appropriate sanction. We so hold. Beasley's third point of error is sustained.

Accordingly, the trial court's sanction order is reversed, and the cause is remanded for the imposition of an appropriate sanction for Peter Beasley's violation of rule 13. Costs occasioned by this appeal are adjudged one-half against Peter Beasley, and one-half against Joann Peters. Tex.R.App.P. 89.