NO. 07-03-0165-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 8, 2003

______________________________

IN RE EARL STEVEN BROWN, RELATOR

_________________________________

Dissent

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

Because I respectfully disagree with the view of my colleagues that presentation of the order to the trial court for signing was not unduly delayed, I would grant the requested relief and order relator released from custody.     

By his first issue, relator contends the order is void because it was not reduced to writing and signed within a reasonable and short time after he was confined.  Unlike by issues two, three, and four, by his first issue, relator does not allege trial court error, but instead contends that presentation of the order to the trial court for signing was unduly delayed. 

By her motion for enforcement by contempt, real party sought enforcement of child support orders and relator’s incarceration for not more than 6 months and thereafter confined until the child support was paid in full together with attorney’s fees and other relief.  On March 4, 2003, the trial court signed its order directing relator to appear and respond to the motion at a hearing to be held on April 1, 2003, at 9:30 a.m.  The reporter’s record of the hearing held on April 1 shows that at the conclusion of the testimony, the court announced its decision to find relator in contempt and without setting any timetable, requested that counsel for real party prepare an order to be signed.  According to the certificate of custody, the Sheriff of Potter County took relator into custody on April 1, 2003.  On April 2, 2003, the trial court signed the order of contempt which was filed with the clerk at 4:56 p.m.  According to the response of real party, the order was signed approximately 30 hours after relator’s confinement.

By his first issue, relator contends the order for his commitment and of contempt is void because the rendition of the order was unduly delayed and is void because it was not reduced to writing and signed within a reasonable and short time after he was confined. Relator argues that the presentation of the order to the trial court for signing was unduly delayed.   Section 21.002 of the Texas Government Code authorizes a court to punish for contempt.  As applicable here, subsection (f) provides that Chapter 157 of the Texas Family Code shall apply when a person is punished by confinement for contempt of court for disobedience of a court order to make periodic payments for the support of a child.  Section 157.166(b) sets out the requirements of an order of criminal contempt.   Although these statutes do not specify a time when an order of confinement must be signed, the Supreme Court has addressed the question at least five times commencing with its decision in Ex parte Puckitt, 159 Tex. 438, 322 S.W.2d 597 (1959) (orig. proceeding).

In 
Puckitt, 
an original proceeding seeking habeas corpus relief, Puckitt was found in contempt for failure to pay temporary support and placed in jail by the sheriff until he purged himself of contempt, but no written order appeared in the record.  Holding that a person may not be imprisoned for contempt without a written judgment of contempt and a written order of commitment, Puckitt was discharged.  Then, in Ex parte Barnett, 600 S.W.2d 252, 256 (Tex. 1980) (orig. proceeding), the Court held:

[i]t is well-settled that to satisfy due process requirements, both a written judgment of contempt and a written commitment order are necessary to imprison a person for civil constructive contempt of court.

Although the Court recognized that a trial court can direct that a contemnor be detained by the sheriff for a “short and reasonable time 
while the judgment of contempt and order of commitment are prepared
,
 it ordered that Barnett be released because the commitment order, standing alone without a judgment or order finding relator in contempt, was not sufficient.  (Emphasis added).  Next, 
in Ex parte Strickland, 723 S.W.2d 668, 669 (Tex. 1987) (orig. proceeding), citing 
Barnett
,
 
the Court again held that due process requires both a written judgment of contempt and a written order of commitment in order to punish for contempt. 

  Later, in Ex parte Calvillo Amaya, 748 S.W.2d 224, 225 (Tex. 1988) (orig. proceeding), again citing 
Barnett
, the Court said
: 

We hold that a three-day delay is not a “short and reasonable time” 
while the documents are being prepared for signature.

(Emphasis added).  Then, by another per curiam opinion, in Ex parte Jordan, 865 S.W.2d 459 (Tex. 1993) (orig. proceeding), where Jordan was confined on Friday, June 11, the court declared the oral commitment order of June 11, as well as the written commitment order of June 14, void, and Jordan was released from confinement.  These five cases demonstrate that the Court continues to follow its decision in 
Puckitt
, subject only to the qualified exception recognized in
 
Barnett 
and 
Amaya 
which allows the sheriff to detain a contemnor for a “short and reasonable time 
while the judgment of contempt and order of commitment are being prepared.
”  (Emphasis added).

In the context of confinement for contempt under Chapter 157 of the Family Code,  without a written order of commitment and order of contempt, these cases establish that a delay of three days between confinement and rendition of orders will not satisfy “due process” requirements.  Real party candidly acknowledges that an interval of three days is not acceptable; however, citing In re Butler, 45 S.W.3d 268, 271 (Tex.App.--Houston [1st 
Dist.] 2001, orig. proceeding), she contends the 30 hour interval presented here constitutes a
 “short and reasonable time.”  
Butler
 does not indicate the time when comtemnor was committed; however, it appears the orders were signed at approximately 9:00 a.m. following Butler’s commitment, which prompted the court to hold: 

when, as here, counsel has requested less than 24 hours to prepare the commitment order, the period is a short and reasonable time.

Real party suggests that a determination of what constitutes a “short and reasonable time” can only be considered on a case-by-case basis; however, in making this decision, an appellate court may not consider any evidence outside the record.  Sabine Offshore Service, Inc. v. City of Port Arthur, 595 S.W.2d 840, 841 (Tex. 1979); 
see also 
Beasley v. Peters, 870 S.W.2d 191, 194 (Tex.App.–Amarillo 1994, no writ).  Also, the determination of this question does not implicate any trial court fact finding or exercise of discretion.

 Taking judicial notice that the 320th
 District Court sits only in Potter County and that the record shows that counsel for real party maintains her law office in Amarillo, it appears that the preparation and submission of the order was not delayed by travel between counsel’s office and the trial court.  Also
, the record showing  that real party had adequate time for pre-trial preparation,
(footnote: 1) that multiple legal issues or disputed fact scenarios were not presented and that the history and record of payment of child support was neatly and orderly set out in the motion for enforcement by contempt and in a form readily transferable to the order and judgment, in my opinion, the 30 hour delay was not a “short and reasonable time”
 
for the preparation of
 the judgment of contempt and order of commitment.  
(Emphasis added).
 
 

Don H. Reavis

     Justice

FOOTNOTES
1:
See 
 9 WILLIAM V. DORSANEO, III, TEXAS  LITIGATION GUIDE, §133.04[5][c][iii] (July 2001), discussing pre-trial preparation.