NO. 07-07-0435-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 26, 2008

______________________________


GRACE WILLIAMS, APPELLANT

v.

CITY OF LITTLEFIELD, APPELLEE


_________________________________

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 16498; HON. FELIX KLEIN, PRESIDING

_______________________________

Before CAMPBELL and HANCOCK, JJ., and BOYD, S.J.



          In this pro se appeal, appellant Grace Williams seeks reversal of a take-nothing
summary judgment in favor of appellee City of Littlefield (the City). For reasons we
hereinafter state, we affirm the judgment of the trial court.
          In the suit underlying this appeal, appellant sought to recover damages because of
the City’s alleged negligence in causing raw sewage to flow from a city sewer line into her
home. As a result, she asserted, she contracted the Hepatitis C virus and suffered
property damage as well. In seeking that recovery, she advanced theories of negligence,
nuisance, and trespass. In January 2006, which was about a year after the suit was filed,
her counsel sought, and was granted, leave to withdraw from representing her. No
attorney has subsequently appeared for appellant. Hence, this appeal is pro se.
          On May 3, 2007, in seeking summary judgment, the City filed traditional and no
evidence motions. In doing so, it supported its traditional motion with the affidavit of David
Hodges, M.D. According to his curriculum vitae, he is board certified in internal medicine
with a subspecialty in gastroenterology. In his affidavit, Dr. Hodges avowed that the
Hepatitis C virus “can live outside the human body in the natural environment for only a few
hours, and does not survive or live in treated or untreated sewage.” He also opined that
appellant did not contract Hepatitis C “from exposure to raw sewage as she alleges in her
lawsuit.” Rather, he affirmed, based in part upon his review of appellant’s MHMR (Texas
Department of Mental Health and Mental Retardation) records, the “likely” cause of
appellant’s contracting Hepatitis C was intravenous drug use. Michael Williamson, the
City’s water superintendent, averred by affidavit that a few minutes after appellant reported
the sewage backup, he inspected her home and found clear water in appellant’s bathroom. 
He did not detect any “foul odor or sewage.” 
          On May 3, the day the City’s motions were filed, the trial court scheduled a hearing 
for June 11, 2007. On May 4, 2007, the record shows appellant received notice of the
hearing date by letter from the City’s counsel. She did not file a response to the City’s
motions and did not arrive on June 11 in time for the hearing on those motions. Without
specifying a ground, the trial court granted a take-nothing summary judgment in favor of
the City.
          Appellant filed a motion seeking a new trial in which she asserted an explanation
for her untimely appearance at the summary judgment hearing and contended she
possessed newly discovered evidence that would rebut the City’s assertion that she
contracted Hepatitis C from intravenous drug use. Parenthetically, appellant’s motion for
new trial tracks the equitable requirements for a new trial after a default judgment iterated
in Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124 (1939). However, in
Carpenter v. Cimarron Hydrocarbons, 98 S.W.3d 682, 683-84 (Tex. 2002), the Court
instructed that Craddock does not apply in cases such as this one in which summary
judgment is granted when the non-movant failed to timely respond after receiving due
notice of the hearing and had “an opportunity to employ the means our civil procedure
rules make available to alter the deadlines Rule 166a imposes.” Although the Craddock
standard has no application here, in her motion for new trial, appellant has advanced the
contention of newly discovered evidence, so we will consider that contention.


 
          In a single issue, appellant argues the trial court erred in granting its summary
judgment because she had a valid reason for not making a timely arrival for the summary
judgment hearing and she possessed evidence that would have precluded that judgment.
In advancing that argument, she contends that evidence would negate any claim that she
used drugs and that her claim is supported by drug screening results dating from the mid-1980's. However, to warrant consideration by the trial court, such evidence, in proper form,
should have been filed by appellant in the trial court at least seven days prior to the day of
the summary judgment hearing. Tex. R. Civ. P. 166a(c).
            Moreover, at a summary judgment hearing, the court considers the argument of
counsel but does not receive new evidence. See Jack B. Anglin Co. v. Tipps, 842 S.W.2d
266, 269 n.4 (Tex. 1992) (oral testimony is not considered at a summary judgment
hearing); Giese v. NCNB Tex. Forney Banking Ctr., 882 S.W.2d 776, 783 Tex. App.–
Dallas 1994, no writ). Additionally, a hearing on a summary judgment motion is neither
required before a court may rule on the motion nor are the parties entitled to a hearing. 
See In re Am. Media Consol., 121 S.W.3d 70, 74 (Tex. App.–San Antonio 2003, orig.
proceeding) (parties are not entitled to a hearing); see also Tex. R. Civ. P. 166a(c). The
date of the summary judgment hearing or the submission of the motion without hearing is
crucial, however, as it fixes the dates of the deadlines established by Rule 166a(c). The
fact that appellant did not arrive at the courthouse before the completion of the summary
judgment hearing is, therefore, irrelevant to the trial court’s decision on the City’s motions.
          Appellant frames her argument here as if she possessed the evidence in question
on the day of the hearing. However, even if she had not discovered the evidence within
seven days of the summary judgment hearing, she could have sought a continuance of the
hearing date or she could have sought leave to file the evidence out of time. Tex. R. Civ.
P. 166a; Benchmark Bank v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996) (an untimely
response may not be considered unless the court grants leave to file). Appellant did
neither. We are mindful of the fact that appellant is not an attorney and appears pro se. 
However, we must also be mindful that a non-lawyer pro se litigant is held to the same
standards as a licensed attorney. See Holt v. F.F. Enters., 990 S.W.2d. 756, 759 (Tex.
App.–Amarillo 1998, pet. denied). 
          Additionally, if appellant did not discover the evidence she now asserts would have
precluded summary judgment until after the judgment, it was necessary for her to satisfy
the trial court in her motion for new trial that: 1) the evidence came to her knowledge after
the trial; 2) in the exercise of due diligence, the evidence could not have been produced
earlier; 3) the newly discovered evidence is not cumulative; and 4) the evidence is so
material that it would probably produce a different result in a new trial. Jackson v. Van
Winkle, 660 S.W.2d 807,809 (Tex. 1983), overruled on other grounds by Moritz v. Preiss,
121 S.W.3d 715, 721 (Tex. 2003). Each of the above elements must be established by
affidavit. In re Thoma, 873 S.W.2d 477, 512 (Tex. Rev. Trib. 1994). No such affidavit was
provided by appellant. Although the record does not show that the trial court had a hearing
on appellant’s motion for new trial, no such hearing is required when there are no affidavits
supporting the grounds she advanced in the motion. See Texaco, Inc. v. Pennzoil Co., 729
S.W.2d 768, 850 (Tex. App.–Houston [1st Dist.] 1987, writ ref’d n.r.e.) (allegation of juror
misconduct).
          The denial of a motion for new trial is measured by an abuse of discretion standard. 
In re R.R., 209 S.W.3d 112, 114 (Tex. 2006). That standard is not whether, in the opinion
of the reviewing court, the trial court could have granted a new trial. Rather, it presents a
question whether that court acted without reference to guiding rules or principles. Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). In reaching the
decision whether the trial court abused its discretion, we are cautioned that simply because
that court decided an issue within its discretion differently than would the reviewing court,
that is not an abuse of the trial court’s discretion. Id. at 242.
           Indeed, even if appellant had properly presented evidence that she was not at the
time of the sewage incident, nor had she ever been, a user of illicit intravenous drugs, it
would not have affected the outcome of the case. In its no evidence motion, among other
things, the City challenged the sufficiency of appellant’s evidence of causation of damages
under each theory of recovery she alleged.
          The burden the movant under a no evidence summary judgment bears is by now
axiomatic. If properly raised, a trial court must grant the motion unless the non-movant
produces more than a scintilla of probative evidence raising a genuine issue of material
fact. Less than a scintilla of evidence exists when the evidence is so weak as to do no
more than create a mere surmise or suspicion of a fact. More than a scintilla of evidence
exists when the evidence rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions. Where, as here, the trial court order granting summary
judgment does not specify the grounds relied upon, a reviewing court must affirm the
summary judgment if any of the grounds urged in the motion have merit. Our review is de
novo construing the record in a light most favorable to the non-movant and disregarding
all contrary evidence and inferences. Western Invs., Inc. v. Urena, 162 S.W.3d 547, 550
(Tex. 2005); King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003); Merrill Dow
Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).
          As we noted above, appellant pled causes of action for negligence, nuisance, and
trespass. To prevail on a negligence cause of action, the plaintiff must prove: 1) the
existence of a duty, 2) a breach of that duty, and 3) damages proximately caused by the
breach. Western Invs., Inc. v. Urena, 162 S.W.3d at 550. A “nuisance” is a condition that
substantially interferes with the use and enjoyment of land by causing unreasonable
discomfort or annoyance to a person of ordinary sensibilities attempting to use and enjoy
it. Holubec v. Brandenberger, 111 S.W.3d 32, 37 (Tex. 2003). Because appellant alleges
her injury was caused by the City’s negligence, our discussion is focused on that allegation
as a basis for her private nuisance claim. A plaintiff seeking to recover damages for a
trespass to real property must prove that: 1) the plaintiff owns or has a lawful right to
possess real property, 2) the defendant entered the plaintiff’s land and the entry was
physical, intentional, and voluntary, and 3) the defendant’s trespass caused injury to the
plaintiff. Wilen v. Falkenstein, 191 S.W.3d 791, 798 (Tex. App.–Fort Worth 2006, pet.
denied). 
          When a subject is of such scientific or technical nature that it exceeds the
experience and knowledge of the jury or court, only the testimony of an expert skilled in
that subject carries probative value. Coxson v. Atlanta Life Ins. Co., 142 Tex. 544, 179
S.W.2d 943, 945 (1944). This is ordinarily true in proving the cause, diagnosis, and
treatment of a disease. Scott v. Liberty Mut. Ins. Co., 204 S.W.2d 16, 18 (Tex. Civ. App.–
Austin 1947, writ ref’d n.r.e.). Thus, the question as to whether appellant’s exposure to the
raw sewage could be a proximate cause of contracting the Hepatitus C virus was not one
that could be resolved by a lay fact finder without the assistance of a qualified expert. That
being true, appellant could not have met her no evidence summary judgment burden on
causation of contracting the Hepatitus C virus even had she properly presented the
evidence she now says she possesses. Thus, appellant’s sole point must be, and is
hereby, overruled.
          We have not overlooked the motion the City filed in this court asserting certain
documents attached to appellant’s brief were outside the record and should not be
considered by this court. Suffice it to say that no document outside the appellate record
was considered by this court, regardless of the proponent. See Sabine Offshore Service, 
Inc. v. City of Port Arthur, 595 S.W.2d 840, 841 (Tex. 1979); Beasley v. Peters, 870
S.W.2d 191, 194 (Tex. App.–Amarillo 1994, no writ).
          Having overruled appellant’s sole issue, we affirm the judgment of the trial court.
           
                                                                           John T. Boyd
                                                                          Senior Justice