NO. 07-07-0435-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 26, 2008

_____


GRACE WILLIAMS, APPELLANT

v.

CITY OF LITTLEFIELD, APPELLEE


_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 16498; HON. FELIX KLEIN, PRESIDING

_____

Before CAMPBELL and HANCOCK, JJ., and BOYD, S.J.[1]

In this *pro se* appeal, appellant Grace Williams seeks reversal of a take-nothing summary judgment in favor of appellee City of Littlefield (the City). For reasons we hereinafter state, we affirm the judgment of the trial court.

In the suit underlying this appeal, appellant sought to recover damages because of the City's alleged negligence in causing raw sewage to flow from a city sewer line into her home. As a result, she asserted, she contracted the Hepatitis C virus and suffered

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2008).

property damage as well. In seeking that recovery, she advanced theories of negligence, nuisance, and trespass. In January 2006, which was about a year after the suit was filed, her counsel sought, and was granted, leave to withdraw from representing her. No attorney has subsequently appeared for appellant. Hence, this appeal is *pro se.*

On May 3, 2007, in seeking summary judgment, the City filed traditional and no evidence motions. In doing so, it supported its traditional motion with the affidavit of David Hodges, M.D. According to his curriculum vitae, he is board certified in internal medicine with a subspecialty in gastroenterology. In his affidavit, Dr. Hodges avowed that the Hepatitis C virus "can live outside the human body in the natural environment for only a few hours, and does not survive or live in treated or untreated sewage." He also opined that appellant did not contract Hepatitis C "from exposure to raw sewage as she alleges in her lawsuit." Rather, he affirmed, based in part upon his review of appellant's MHMR (Texas Department of Mental Health and Mental Retardation) records, the "likely" cause of appellant's contracting Hepatitis C was intravenous drug use. Michael Williamson, the City's water superintendent, averred by affidavit that a few minutes after appellant reported the sewage backup, he inspected her home and found clear water in appellant's bathroom. He did not detect any "foul odor or sewage."

On May 3, the day the City's motions were filed, the trial court scheduled a hearing for June 11, 2007. On May 4, 2007, the record shows appellant received notice of the hearing date by letter from the City's counsel. She did not file a response to the City's motions and did not arrive on June 11 in time for the hearing on those motions. Without specifying a ground, the trial court granted a take-nothing summary judgment in favor of the City.

2

Appellant filed a motion seeking a new trial in which she asserted an explanation for her untimely appearance at the summary judgment hearing and contended she possessed newly discovered evidence that would rebut the City's assertion that she contracted Hepatitis C from intravenous drug use.  Parenthetically, appellant's motion for new trial tracks the equitable requirements for a new trial after a default judgment iterated in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939).  However, in *Carpenter v. Cimarron Hydrocarbons,* 98 S.W.3d 682, 683-84 (Tex. 2002), the Court instructed that *Craddock* does not apply in cases such as this one in which summary judgment is granted when the non-movant failed to timely respond after receiving due notice of the hearing and had  "an opportunity to employ the means our civil procedure rules make available to alter the deadlines Rule 166a imposes."  Although the *Craddock* standard has no application here,  in her motion for new trial, appellant has advanced the contention of newly discovered evidence, so we will consider that contention.[2]

In a single issue, appellant argues the trial court erred in granting its summary judgment because she had a valid reason for not making a timely arrival for the summary judgment hearing and she possessed evidence that would have precluded that judgment. In advancing that argument, she contends that evidence would negate any claim that she used drugs and that her claim is supported by drug screening results dating from the mid-1980's.  However, to warrant consideration by the trial court, such evidence, in proper form, should have been filed by appellant in the trial court at least seven days prior to the day of the summary judgment hearing.  Tex. R. Civ. P. 166a(c).

[2]The newly discovered evidence to which appellant refers was not attached to her motion.

3

Moreover, at a summary judgment hearing, the court considers the argument of counsel but does not receive new evidence. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269 n.4 (Tex. 1992) (oral testimony is not considered at a summary judgment hearing); *Giese v. NCNB Tex. Forney Banking Ctr.,* 882 S.W.2d 776, 783 Tex. App.–Dallas 1994, no writ)*.* Additionally, a hearing on a summary judgment motion is neither required before a court may rule on the motion nor are the parties entitled to a hearing. *See In re Am. Media Consol.*, 121 S.W.3d 70, 74 (Tex. App.–San Antonio 2003, orig. proceeding) (parties are not entitled to a hearing); *see also* Tex. R. Civ. P. 166a(c). The date of the summary judgment hearing or the submission of the motion without hearing is crucial, however, as it fixes the dates of the deadlines established by Rule 166a(c). The fact that appellant did not arrive at the courthouse before the completion of the summary judgment hearing is, therefore, irrelevant to the trial court's decision on the City's motions.

Appellant frames her argument here as if she possessed the evidence in question on the day of the hearing. However, even if she had not discovered the evidence within seven days of the summary judgment hearing, she could have sought a continuance of the hearing date or she could have sought leave to file the evidence out of time. Tex. R. Civ. P. 166a; *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996) (an untimely response may not be considered unless the court grants leave to file). Appellant did neither. We are mindful of the fact that appellant is not an attorney and appears *pro se.* However, we must also be mindful that a non-lawyer *pro se* litigant is held to the same standards as a licensed attorney. *See Holt v. F.F. Enters.*, 990 S.W.2d. 756, 759 (Tex. App.–Amarillo 1998, pet. denied).

Additionally, if appellant did not discover the evidence she now asserts would have precluded summary judgment until after the judgment, it was necessary for her to satisfy the trial court in her motion for new trial that: 1) the evidence came to her knowledge after the trial; 2) in the exercise of due diligence, the evidence could not have been produced earlier; 3) the newly discovered evidence is not cumulative; and 4) the evidence is so material that it would probably produce a different result in a new trial. *Jackson v. Van Winkle,* 660 S.W.2d 807, 809 (Tex. 1983), *overruled on other grounds by Moritz v. Preiss,* 121 S.W.3d 715, 721 (Tex. 2003). Each of the above elements must be established by affidavit. *In re Thoma*, 873 S.W.2d 477, 512 (Tex. Rev. Trib. 1994). No such affidavit was provided by appellant. Although the record does not show that the trial court had a hearing on appellant's motion for new trial, no such hearing is required when there are no affidavits supporting the grounds she advanced in the motion. *See Texaco, Inc. v. Pennzoil Co.,* 729 S.W.2d 768, 850 (Tex. App.–Houston [1st Dist.] 1987, writ ref'd n.r.e.) (allegation of juror misconduct).

The denial of a motion for new trial is measured by an abuse of discretion standard. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). That standard is not whether, in the opinion of the reviewing court, the trial court could have granted a new trial. Rather, it presents a question whether that court acted without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985). In reaching the decision whether the trial court abused its discretion, we are cautioned that simply because that court decided an issue within its discretion differently than would the reviewing court, that is not an abuse of the trial court's discretion. *Id*. at 242.

Indeed, even if appellant had properly presented evidence that she was not at the time of the sewage incident, nor had she ever been, a user of illicit intravenous drugs, it would not have affected the outcome of the case. In its no evidence motion, among other things, the City challenged the sufficiency of appellant's evidence of causation of damages under each theory of recovery she alleged.

The burden the movant under a no evidence summary judgment bears is by now axiomatic. If properly raised, a trial court must grant the motion unless the non-movant produces more than a scintilla of probative evidence raising a genuine issue of material fact. Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. Where, as here, the trial court order granting summary judgment does not specify the grounds relied upon, a reviewing court must affirm the summary judgment if any of the grounds urged in the motion have merit. Our review is *de novo* construing the record in a light most favorable to the non-movant and disregarding all contrary evidence and inferences. *Western Invs., Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex. 2005); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Merrill Dow Pharms*., *Inc*. *v*. *Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

As we noted above, appellant pled causes of action for negligence, nuisance, and trespass. To prevail on a negligence cause of action, the plaintiff must prove: 1) the existence of a duty, 2) a breach of that duty, and 3) damages proximately caused by the breach. *Western Invs., Inc. v. Urena,* 162 S.W.3d at 550. A "nuisance" is a condition that

substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to a person of ordinary sensibilities attempting to use and enjoy it. *Holubec v. Brandenberger*, 111 S.W.3d 32, 37 (Tex. 2003). Because appellant alleges her injury was caused by the City's negligence, our discussion is focused on that allegation as a basis for her private nuisance claim. A plaintiff seeking to recover damages for a trespass to real property must prove that: 1) the plaintiff owns or has a lawful right to possess real property, 2) the defendant entered the plaintiff's land and the entry was physical, intentional, and voluntary, and 3) the defendant's trespass caused injury to the plaintiff. *Wilen v. Falkenstein,* 191 S.W.3d 791, 798 (Tex. App.–Fort Worth 2006, pet. denied).

When a subject is of such scientific or technical nature that it exceeds the experience and knowledge of the jury or court, only the testimony of an expert skilled in that subject carries probative value. *Coxson v. Atlanta Life Ins. Co.*, 142 Tex. 544, 179 S.W.2d 943, 945 (1944). This is ordinarily true in proving the cause, diagnosis, and treatment of a disease. *Scott v. Liberty Mut. Ins. Co.,* 204 S.W.2d 16, 18 (Tex. Civ. App.– Austin 1947, writ ref'd n.r.e.). Thus, the question as to whether appellant's exposure to the raw sewage could be a proximate cause of contracting the Hepatitus C virus was not one that could be resolved by a lay fact finder without the assistance of a qualified expert. That being true, appellant could not have met her no evidence summary judgment burden on causation of contracting the Hepatitus C virus even had she properly presented the evidence she now says she possesses. Thus, appellant's sole point must be, and is hereby, overruled.

7

We have not overlooked the motion the City filed in this court asserting certain documents attached to appellant's brief were outside the record and should not be considered by this court. Suffice it to say that no document outside the appellate record was considered by this court, regardless of the proponent. *See Sabine Offshore Service, Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979); *Beasley v. Peters*, 870 S.W.2d 191, 194 (Tex. App.–Amarillo 1994, no writ).

Having overruled appellant's sole issue, we affirm the judgment of the trial court.


John T. Boyd
Senior Justice

8