SABINE OFFSHORE SERVICE,
INC., Petitioner,

v.

The CITY OF PORT ARTHUR,
Respondent.

No. B–8465.

Supreme Court of Texas.

July 18, 1979.

As Corrected On Denial of Rehearing
March 19, 1980.

H. P. Wright, Port Neches, for petitioner.

Mehaffy, Weber, Keith & Gonsoulin, James L. Weber, Beaumont, for respondent.

PER CURIAM.

This is a mandamus action brought by Sabine Offshore Service, Inc. to compel the officials of the City of Port Arthur to vacate a water rationing program in the Sabine Pass area. The trial court denied the relief and the Beaumont Court of Civil Appeals affirmed the judgment of the trial court. 582 S.W.2d 477. We reverse the judgment of the Court of Civil Appeals and remand the case to the trial court for a new trial.

Port Arthur, pursuant to article 1182a, annexed adjacent land which included the Sabine Pass area on May 15, 1978. Also, in accordance with article 1182c, it assumed control of the facilities of Jefferson County Fresh Water Supply District No. 1, which was supplying water to Sabine Pass.

At the time of annexation the Sabine Pass area was having some problems with inadequate water supply and pressure. In order to maintain adequate pressure for schools and homes the City adopted a Water Rationing Plan which affected only the industries in the Sabine Pass area.

Under this plan, Offshore, a company which supplied water to offshore drilling rigs and the largest user of water in the Sabine Pass area, was allowed to draw water only on alternate days. Competitors of Offshore in other areas within the city limits of Port Arthur were allowed to draw all the water they needed. This limitation seriously affected Offshore's business in the competitive market. No residences or schools either within or without the area were made subject to this plan.

The Court of Civil Appeals held that Sabine was not being discriminated against and upheld the trial court. The plan, made the basis of the Court of Civil Appeals opinion, was a plan adopted by Port Arthur on September 14. Port Arthur admitted to the Court of Civil Appeals, in its oral argument, that this plan was not implemented until October 20, which was after the trial court rendered its judgment. Under this plan Sabine could draw water daily except between the hours of 4 and 12 a. m. This plan was never presented to the trial court and is not in the record. There was, however, an affidavit disclosing the new plan which was filed in the Court of Civil Appeals and attached to Port Arthur's Motion to Dismiss the appeal as moot.

 Affidavits outside the record cannot be considered by the Court of Civil Appeals for any purpose other than determining its own jurisdiction. Rule 406, Texas Rules of Civil Procedure, provides:

> Motions made either to sustain or defeat the jurisdiction of the court, dependent on facts not apparent in the record and not ex-officio known to the court, must be supported by affidavits or other satisfactory evidence.

This Court has construed Rule 406 quite narrowly. In *Rosenfeld v. Steelman,* 405 S.W.2d 301 (Tex.1966) we stated:

> These provisions [of Rule 406] have been held to apply only to a determination by the Court of Civil Appeals of its own jurisdiction and not to a determination of the trial court's jurisdiction.

The Court of Civil Appeals should not have based its judgment upon evidence contained in affidavits not a part of the trial court record. This could only be considered by the Court of Civil Appeals for the purpose of determining whether the issue is moot, a jurisdictional question.

We regard the decision in this case to be in conflict with Texas Rules of Civil Procedure 406 and with *Rosenfeld v. Steelman,* 405 S.W.2d 301 (Tex.1966). Accordingly, the writ of error is granted; and without hearing oral argument, we reverse the judgment of the Court of Civil Appeals.

Normally this Court would remand this case to the Court of Civil Appeals with instructions to consider only the evidence contained in the record; such an act in this case would be futile and not in furtherance of judicial economy. Since Port Arthur has instituted a "new" plan of water rationing upon which no evidence has been heard, we remand this case to the trial court for a new trial.