TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00449-CV






Angelica Mitchell Moore and Kevin Alexander Moore, Appellants


v.


Donna M. Brown and Alvin Bernard Brown, Appellees






FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT

NO. 235,235-E, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N




 This is an appeal from an order terminating the parental rights of appellants Angelica
Mitchell Moore and Kevin Alexander Moore in a suit initiated by appellees Donna M. Brown and
Alvin Bernard Brown. The child, M.K.B., was born on March 8, 2009, in the Commonwealth of
Virginia, where the Moores reside. On March 10, 2009, the Moores executed affidavits
relinquishing their parental rights, designating the Browns managing conservators of M.K.B., and
waiving their right to notice of any future proceedings involving the child.

 On March 20, 2009, the Browns filed an Original Petition For Termination and
Adoption of M.K.B. in Bell County district court. In their petition, they claimed standing on the
basis that they had "a court-ordered relationship with the child the subject of this suit." They further
pleaded that M.K.B.'s birth parents, the Moores, had executed unrevoked or irrevocable affidavits
of relinquishment of their parental rights under chapter 161 of the Texas Family Code, copies of
which they attached to their petition. After a hearing, at which the Moores did not appear, the trial
court found that the Moores had executed irrevocable affidavits of relinquishment and that
termination of their parental rights was in the best interests of the child. The trial court's final order
of termination was signed April 30, 2009.

 On June 1, 2009, the Moores filed a Motion to Reconsider Order in the district court,
alleging that Donna Brown had misrepresented herself as a relative of Kevin Moore, that they had
filed documents revoking their voluntary relinquishments, and that a case was currently pending in
the Juvenile and Domestic Relations Court of Petersburg, Virginia "to terminate temporary custody
and to have the child returned to her biological parents." The record does not contain an order on
the Moores' motion to reconsider.

 On June 11, 2009, the trial court signed an order granting adoption in favor of
the Browns.

 On July 23, 2009, the Moores filed a notice of appeal of the April 30 termination
order. On appeal, they assert that the affidavits of relinquishment on which the order of termination
is based are void because they were signed less than 48 hours after the birth of M.K.B. in violation
of the Texas Family Code. (1) See Tex. Fam. Code Ann. § 161.103(a)(1). (West 2008) ("An affidavit
for voluntary relinquishment of parental rights must be signed after the birth of the child, but not
before 48 hours after the birth of the child.") (emphasis added). Such a defect, if proved, might
render an affidavit of relinquishment a nullity, see Sims v. Adoption Alliance, 922 S.W.2d 213,
217-18 (Tex. App.--San Antonio 1996, writ denied), and arguably defeat a party's standing to file
a suit affecting the parent-child relationship on the basis that he or she is a person "designated as a
managing conservator in an affidavit of relinquishment," see Tex. Fam. Code Ann. § 102.003(a)(10)
(West Supp. 2009).

 In this case, however, the Moores failed to timely file their notice of appeal within
twenty days of the date that the termination order was signed. See Tex. R. App. P. 26.1(b) (notice
of appeal must be filed within 20 days after judgment or order is signed in accelerated appeals); see
also Tex. Fam. Code Ann. § 109.002(a) (West 2008) (procedures for accelerated appeals apply to
suit in which termination of parent-child relationship is in issue). Nor did they file a motion for
leave to extend the time for filing their notice of appeal. See Tex. R. App. P. 26.3. Accordingly, we
have no choice but to dismiss the appeal for lack of jurisdiction.


 

 J. Woodfin Jones, Chief Justice


Before Chief Justice Jones, Justices Pemberton and Waldrop


Dismissed for Want of Jurisdiction


Filed: April 20, 2010
1. The affidavits of relinquishment signed by the Moores reflect that they were both signed
at "2:30 p.m." on March 10, 2009. At the termination hearing, Donna Brown testified that M.K.B.
was born "about 1330" (1:30 p.m.) on March 8, 2009. Attached to the Moores' brief filed herein,
however, are what appear to be hospital records, including handwritten notes of the attending
physician, indicating that M.K.B. as born at "1528" (3:28 p.m.) on March 8, 2009. These hospital
records are not part of the appellate record, however, and therefore may not be considered in this
appeal. See Sabine Offshore Serv., Inc. v. City of Port Arthur, 595 S.W.2d 840, 841 (Tex. 1979)
(appellate courts may not consider matters outside of appellate record); Carlisle v. Philip Morris,
Inc., 805 S.W.2d 498, 501 (Tex. App.--Austin 1991, writ denied) (materials outside record that are
improperly attached to party's brief may not be considered on appeal).