# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00449-CV

**Angelica Mitchell Moore and Kevin Alexander Moore, Appellants**

**v.**

**Donna M. Brown and Alvin Bernard Brown, Appellees**

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 235,235-E, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order terminating the parental rights of appellants Angelica Mitchell Moore and Kevin Alexander Moore in a suit initiated by appellees Donna M. Brown and Alvin Bernard Brown. The child, M.K.B., was born on March 8, 2009, in the Commonwealth of Virginia, where the Moores reside. On March 10, 2009, the Moores executed affidavits relinquishing their parental rights, designating the Browns managing conservators of M.K.B., and waiving their right to notice of any future proceedings involving the child.

On March 20, 2009, the Browns filed an Original Petition For Termination and Adoption of M.K.B. in Bell County district court. In their petition, they claimed standing on the basis that they had "a court-ordered relationship with the child the subject of this suit." They further pleaded that M.K.B.'s birth parents, the Moores, had executed unrevoked or irrevocable affidavits of relinquishment of their parental rights under chapter 161 of the Texas Family Code, copies of

which they attached to their petition. After a hearing, at which the Moores did not appear, the trial court found that the Moores had executed irrevocable affidavits of relinquishment and that termination of their parental rights was in the best interests of the child. The trial court's final order of termination was signed April 30, 2009.

On June 1, 2009, the Moores filed a Motion to Reconsider Order in the district court, alleging that Donna Brown had misrepresented herself as a relative of Kevin Moore, that they had filed documents revoking their voluntary relinquishments, and that a case was currently pending in the Juvenile and Domestic Relations Court of Petersburg, Virginia "to terminate temporary custody and to have the child returned to her biological parents." The record does not contain an order on the Moores' motion to reconsider.

On June 11, 2009, the trial court signed an order granting adoption in favor of the Browns.

On July 23, 2009, the Moores filed a notice of appeal of the April 30 termination order. On appeal, they assert that the affidavits of relinquishment on which the order of termination is based are void because they were signed less than 48 hours after the birth of M.K.B. in violation of the Texas Family Code.[1] *See* Tex. Fam. Code Ann. § 161.103(a)(1). (West 2008) ("An affidavit

---

[1] The affidavits of relinquishment signed by the Moores reflect that they were both signed at "2:30 p.m." on March 10, 2009. At the termination hearing, Donna Brown testified that M.K.B. was born "about 1330" (1:30 p.m.) on March 8, 2009. Attached to the Moores' brief filed herein, however, are what appear to be hospital records, including handwritten notes of the attending physician, indicating that M.K.B. as born at "*1528*" (3:28 p.m.) on March 8, 2009. These hospital records are not part of the appellate record, however, and therefore may not be considered in this appeal. *See Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (appellate courts may not consider matters outside of appellate record); *Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498, 501 (Tex. App.—Austin 1991, writ denied) (materials outside record that are

2

for voluntary relinquishment of parental rights must be signed after the birth of the child, *but not before 48 hours after the birth of the child*.") (emphasis added). Such a defect, if proved, might render an affidavit of relinquishment a nullity, *see Sims v. Adoption Alliance*, 922 S.W.2d 213, 217-18 (Tex. App.—San Antonio 1996, writ denied), and arguably defeat a party's standing to file a suit affecting the parent-child relationship on the basis that he or she is a person "designated as a managing conservator in an affidavit of relinquishment," *see* Tex. Fam. Code Ann. § 102.003(a)(10) (West Supp. 2009).

In this case, however, the Moores failed to timely file their notice of appeal within twenty days of the date that the termination order was signed. *See* Tex. R. App. P. 26.1(b) (notice of appeal must be filed within 20 days after judgment or order is signed in accelerated appeals); *see also* Tex. Fam. Code Ann. § 109.002(a) (West 2008) (procedures for accelerated appeals apply to suit in which termination of parent-child relationship is in issue). Nor did they file a motion for leave to extend the time for filing their notice of appeal. *See* Tex. R. App. P. 26.3. Accordingly, we have no choice but to dismiss the appeal for lack of jurisdiction.

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed: April 20, 2010

improperly attached to party's brief may not be considered on appeal).