

*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00367-CV

Glenn R. **DEXTER** and Eva C. Dexter,
Appellants

v.

Reisel B. **STRICKLAND** and Bobbie Sue Strickland,
Appellees

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. 06-09-0491-CVW
Honorable Donna S. Rayes, Judge Presiding

Opinion by:      Catherine Stone, Chief Justice

Sitting:          Catherine Stone, Chief Justice
                 Karen Angelini, Justice
                 Rebecca Simmons, Justice

Delivered and Filed:  June 9, 2010

AFFIRMED

Reisel R. Strickland and Bobbie Sue Strickland sued Glenn R. Dexter and Eva C. Dexter to

remove a fraudulent lien the Dexters filed against a 1.795 acre tract of land (the "Property"). The

Dexters appeal a summary judgment declaring the lien void and awarding the Stricklands damages

and attorneys' fees. The Dexters' *pro se* brief lists fourteen contentions. None of these contentions

are supported by appropriate citations to the record or to authorities, with the exception of the

fourteenth contention which includes citations to four authorities but does not apply them to any

argument. *See* TEX. R. APP. P. 38.1(i). Moreover, the brief does not contain a "clear and concise argument for the contentions made." *Id*. Finally, the Dexters attach documents to their brief that are not included in the appellate record and cannot be considered by this court. *Sabine Offshore Servs., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979); *Mattlage v. Mattlage*, 243 S.W.3d 763, 772 (Tex. App.—Waco 2007, pet. denied). Having reviewed the fourteen contentions, it appears that the crux of the Dexters' argument is: (1) Glenn did not agree to convey the Property because the Stricklands' option to purchase a portion of the Property expired on April 15, 2009, when the Stricklands failed to pay the balance of the purchase price; and (2) the deed from Glenn to the Stricklands conveying the Property was forged. We reject these contentions and affirm the trial court's judgment.

### PROCEDURAL HISTORY

The Stricklands moved for a traditional summary judgment as to their claims that they owned the Property and that the Dexters had filed a fraudulent lien against the Property. The Stricklands also moved for a no evidence summary judgment as to the Dexters' counterclaims that: (1) the Stricklands had not paid the required consideration under the option agreement; and (2) the deed signed by Glenn was forged. The Stricklands' motion was set for a hearing on April 14, 2009.

On April 13, 2009, the Dexters filed an untimely response to the motion. *See* TEX. R. CIV. P. 166a(c) (response must be filed not later than seven days prior to hearing except on leave of court); *K-Six Television, Inc. v. Santiago*, 75 S.W.3d 91, 96 (Tex. App.—San Antonio 2002, no pet.). "If the record contains nothing indicating that the trial court considered a late-filed response, we presume the trial court did not consider it, and the response will not be considered on appeal." *Id*. In this case, the trial court expressly stated, "The Court will not consider Defendants' Summary

Judgment evidence late filing." Therefore, we may not consider the Dexters' response or any evidence attached to it. Because the crux of the Dexters' brief is focused on their counterclaims, we will examine whether the trial court erred in granting the no evidence summary judgment as to those claims.

## STANDARD OF REVIEW

The standard for review of a no evidence summary judgment is well settled. *Medistar Corp. v. Schmidt*, 267 S.W.3d 150, 157 (Tex. App.—San Antonio 2008, pet. denied). We review a trial court's summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156-57 (Tex. 2004); *Medistar Corp.*, 267 S.W.3d at 157. A no evidence motion for summary judgment must be granted if, after an adequate time for discovery, the moving party asserts that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial and the nonmovant fails to produce more than a scintilla of summary judgment evidence raising a genuine issue of material fact on those elements. *Medistar Corp.*, 267 S.W.3d at 157; TEX. R. CIV. P. 166a(i). A no evidence summary judgment is essentially a directed verdict granted before trial, to which we apply a legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003); *Medistar Corp.*, 267 S.W.3d at 157. "More than a scintilla of evidence exists when the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *King Ranch, Inc.*, 118 S.W.3d at 751 (citation omitted).

**DISCUSSION**

A.     Option Agreement

One of the counterclaims asserted by the Dexters was that the Stricklands did not acquire title to the Property because they failed to pay the full consideration. The Dexters' claim was based on an Earnest Money Receipt signed in February of 2005 by Glenn and Bobbie Sue. Glenn acknowledged receipt of $5,000 to secure the sale of the Property and to be applied to the total purchase price of $29,400. The balance of the purchase price was to be paid no later than April 15, 2005. The Dexters' claim appears to be based on the contention that the Stricklands failed to pay the balance of the purchase price by April 15, 2005, thereby terminating their option to purchase the Property.

Attached to the Stricklands' summary judgment motion, however, is an agreement dated August of 2005, between Glenn, Bobbie Sue, and Bobbie Sue's daughter, Shirley Ryan, regarding the Cash Warranty Deed under which the Stricklands claim title to the Property. In that agreement, the parties agreed the deed signed by Glenn would be filed if Wilson County declined to approve a plat request. The agreement did not require the payment of any additional consideration, and evidence was introduced to establish that the deed was filed after Wilson County declined approval of the plat request. In the deed, Glenn acknowledged that the consideration had been paid. Because the Dexters failed to produce any evidence that consideration remained owing under the August 2005 agreement pursuant to which the deed was filed, the trial court properly granted the no evidence summary judgment as to this counterclaim.

B.       Forged Deed

The other counterclaim asserted by the Dexters was that Glenn's signature on the deed was forged. As previously noted, the Dexters did not file a timely response or evidence to support the claimed forgery.[1] Because the Dexters failed to produce any evidence to support their forgery claim, the trial court properly granted the no evidence summary judgment as to that claim.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

---

[1] We note the Stricklands produced affidavits from two people attesting they were present when Glenn signed the deed.