ACCEPTED
03-14-00660-CV
4109468
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/11/2015 1:46:39 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00660-CV

IN THE
THIRD DISTRICT COURT OF APPEALS
AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/11/2015 1:46:39 PM
JEFFREY D. KYLE
Clerk

CRAIG ZGABAY AND TAMMY ZGABAY,

Appellants

v.

NBRC PROPERTY OWNERS ASSOCIATION,

Appellee

Appeal from the 433rd Judicial District Court,
Comal County, Texas, Cause No. C2014-0501C

## APPELLEE'S MOTION TO STRIKE PORTIONS OF APPELLANTS' REPLY BRIEF AND AMENDED REPLY BRIEF

Wade C. Crosnoe
State Bar No.  00783903
Brian D. Hensley
State Bar No. 24036759
Thompson, Coe, Cousins & Irons, LLP
701 Brazos, Suite 1500
Austin, Texas 78701
Telephone:  (512) 708-8200
Facsimile:  (512) 708-8777
E-mail:  wcrosnoe@thompsoncoe.com

Tom L. Newton, Jr.
State Bar No. 14982300
Allen, Stein & Durbin, P.C.
6243 IH-10 West, 7th Floor
P. O. Box 101507
San Antonio, Texas 78201
Telephone: (210) 734-7488
Facsimile: (210) 738-8036
E-mail: tnewton@asdh.com

Counsel for Appellee NBRC Property Owners Association

Appellee NBRC Property Owners Association ("the Association") files this Motion to Strike the portions of Appellants' Reply Brief and Amended Reply Brief that refer to evidence outside the appellate record, and would respectfully show:

## I.    Introduction

This appeal involves the interpretation of restrictive covenants in a Declaration of Covenants, Restrictions and Conditions that was adopted and recorded in 1999 (CR 67-87; Apx. 2[1]).  The Association filed its Appellee's Brief on February 3, 2015.  Less than twenty-four hours later, Appellants Craig and Tammy Zgabay filed their Reply Brief.  That Reply Brief contains several references to recent proposed amendments to the Declaration (Reply Brief at pp. 2, 3, 9-10), and also provides a website link to the proposed amendments (Reply Brief at p. 3 n.1).

After reviewing the Reply Brief, the Association's counsel wrote an email to the Zgabays' counsel.  The email noted that the Reply Brief referred to evidence outside the appellate record, cited cases holding that such references are improper and should not be considered on appeal, and asked if the Zgabays' counsel would amend the Reply Brief to delete those references.  The Zgabays' counsel declined that invitation, however, and instead "doubled down" on references to matters outside the appellate record.  Specifically, he filed an Amended Reply Brief asking

---

[1] "CR" refers to the Clerk's Record.  "Apx." refers to the Appendix to Appellee's Brief filed on February 3, 2015.

1

the Court to take judicial notice that the Association recently published on its website proposed amendments to the Declaration, including some that involve restrictive covenants at issue in this appeal (Amended Reply Brief at pp. 3-4; *see also* pp. 10). The amended brief also supplies links to the Association's website and proposed amendments (Amended Reply Brief at pp. 3-4 n.1, 3).

## II.     Argument

It is well-settled that an appellate court may not consider evidence outside the appellate record. *See Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498, 501 (Tex. App.—Austin 1991, writ denied) (citing *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840 (Tex. 1979)). This Court has stricken or declined to consider parties' attempts to introduce evidence that is not part of the appellate record, as well as references in briefs to such evidence. *See Carlisle*, 805 S.W.2d at 501 (granting appellees' motion to strike the portions of the appellants' brief that cited and quoted scientific and medical books, pamphlets, and journals that were not in the record); *Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality*, 307 S.W.3d 505, 523 n.11 (Tex. App.—Austin 2010, no pet.) (stating that "we may not consider" an affidavit presented for the first time on appeal).

The Zgabays' Reply Brief and Amended Reply Brief undeniably refer to matters outside the appellate record. Those briefs provide internet links rather than record cites to support their assertions about proposed amendments to the

2

Declaration. Moreover, as the Zgabays themselves note, the proposed amendments were published "in January, 2015" (Amended Reply Brief at p. 3). This was several months after the trial court's summary judgment order (CR 127-29; Apx. 1), and even after the Zgabays filed their opening appellate brief. The briefs' references to evidence outside the record should be stricken. *See Carlisle*, 805 S.W.2d at 501.

The Zgabays cannot circumvent the prohibition on nonrecord evidence by the artifice of asking the Court to take judicial notice of such evidence. This Court is properly reluctant to take judicial notice of evidence that was not presented to the trial court. *See Hendee v. Dewhurst*, 228 S.W.3d 354, 377-78 (Tex. App.—Austin 2007, pet. denied) (citing, *e.g., Tran v. Fiorenza*, 934 S.W.2d 740, 742-43 (Tex. App.—Houston [1st Dist.] 1996, no writ), and declining to take judicial notice of new jurisdictional evidence presented on appeal).

Judicial notice would be particularly inappropriate in this case. A moment's reflection confirms that the proposed January 2015 amendments are in no way relevant to this Court's review of the district court's September 2014 summary judgment order and injunction. Appellate review of an injunction enforcing a restrictive covenant is necessarily based on the covenant and circumstances as they existed at the time of the injunction. *See Wein v. Jenkins*, No. 03-04-00568-CV, 2005 WL 2170354, at *2-3 (Tex. App.—Austin Sept. 9, 2005, no pet.) (holding

that the district court did not abuse its discretion in enforcing a restrictive covenant where there was no dispute that the appellant was violating the injunction at the time it was issued). This is true regardless of the possibility that the restrictive covenant could be amended in the future. *Id.* The proposed amendments to the restrictive covenants are irrelevant to the question of whether the district judge properly construed the covenants that were before him at the time of his ruling.

## III.    Conclusion and Prayer

The Zgabays' Reply Brief and Amended Reply Brief repeatedly refer to evidence outside the record. Such references to nonrecord evidence are improper and cannot be cured by requesting judicial notice of facts that were not before the district court when it ruled and are not relevant to this Court's review of that ruling. Accordingly, the Association respectfully requests that the Court grant this motion and strike the references to evidence outside the record in Appellants' Reply Brief and Amended Reply Brief. The Association also requests all other relief to which it is justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: /s/ Wade Crosnoe
 Wade C. Crosnoe
 State Bar No. 00783903
 Brian D. Hensley
 State Bar No. 24036759

701 Brazos, Suite 1500
Austin, Texas 78701
Telephone: (512) 703-5078
Facsimile: (512) 708-8777
E-Mail: wcrosnoe@thompsoncoe.com
 bhensley@thompsoncoe.com

Tom L. Newton, Jr.
State Bar No. 14982300
Allen, Stein & Durbin, P.C.
6243 IH-10 West, 7th Floor
P. O. Box 101507
San Antonio, Texas 78201
Telephone: (210) 734-7488
Facsimile: (210) 738-8036
E-Mail: tnewton@asdh.com

Counsel for Appellee NBRC Property Owners Association

## CERTIFICATE OF CONFERENCE

I certify that I conferred with J. Patrick Sutton, counsel for Appellants, regarding this motion, and that he stated his clients are opposed to this motion.

/s/ Wade Crosnoe
Wade Crosnoe

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this motion was served via electronic service or by email, to the following counsel on February 11, 2015:

J. Patrick Sutton
1706 W. 10th Street
Austin, Texas  78703
E-Mail: jpatricksutton@jpatricksuttonlaw.com
*Counsel for Appellants*


/s/ Wade Crosnoe
Wade Crosnoe