# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00636-CV

**Shaine Carl Cagle, Appellant**

**v.**

**Donna Gail Andrews, Appellee**

## FROM THE COUNTY COURT AT LAW OF BURNET COUNTY
## NO. 42697, HONORABLE W. R. SAVAGE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Shaine Carl Cagle appeals a default divorce decree that ended his marriage to the appellee, Donna Gail Andrews, and awarded her sole managing conservatorship of their daughter. Cagle is currently incarcerated in Arizona and has acted pro se throughout these proceedings. In substance, Cagle urges that we vacate the decree (or that the trial court erred in failing to do so) because his failure to timely answer Andrews's divorce petition was attributable to prison officials who, he claims, intercepted a responsive pleading he had attempted to mail to the trial court in advance of the final hearing. Cagle preserved this complaint before the trial court through what amounted to a motion for new trial, which was ultimately overruled by operation of law.[1] Based on

---

[1] Tex. R. Civ. P. 329b(c) ("In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.").

the record before the trial court, Cagle has not demonstrated reversible error in that court's failure or refusal to grant him relief on this basis.

Cagle also attempts to rely on purported proof of various additional facts that was not presented to the trial court through his new-trial motion or otherwise. We cannot consider such evidence here,[2] and if Cagle desires to seek relief on that basis, his remedy (if any) at this juncture would be a bill of review filed in the trial court.[3]

We affirm the trial court's decree.

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed: August 18, 2015

---

[2] *See, e.g.*, *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (noting that appellate courts generally cannot consider evidence not included in the trial-court record).

[3] *See, e.g.*, *General Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 944 (Tex. 1991) ("[t]he appropriate remedy when extrinsic evidence is necessary to the challenge of a judgment is by motion for new trial . . . or by bill of review filed in the trial court").