

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00412-CR

**NOLAN MICHAEL SHULTZ,**

                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                    **Appellee**

**From the County Court
Navarro County, Texas
Trial Court No. 70470**

## MEMORANDUM OPINION

Nolan Michael Shultz was convicted of the offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04 (West 2011). He was sentenced to 180 days in jail and a $4,000 fine was imposed. Sentence was suspended and Shultz was placed on community supervision for 18 months. Because there is no record which shows error, the trial court's judgment is affirmed.

In one issue, Shultz contends that the trial court erred in allowing the State during its argument at guilt-innocence to improperly comment on Shultz's refusal to testily and

to improperly shift the burden of proof to Shultz. Proper jury argument generally falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). Improper jury argument will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violates a mandatory statute, or injects into the trial proceeding new facts harmful to the accused. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). In this case, however, we have no record to review which would allow us to determine either error or harm.

The Clerk of this Court notified Shultz by letter dated February 2, 2016 that the reporter's record had not been filed because Shultz had not paid or made arrangements to pay for the reporter's fee for preparation of the record. The Clerk then directed Shultz to pay or make arrangements to pay the reporter's fee within 21 days from the date of the letter or the appeal would be submitted on the clerk's record alone. *See* TEX. R. APP. P. 37.3(c).[1] Twenty one days passed and Shultz did not comply with the Clerk's February 2, 2016 letter. By letter dated February 25, 2016, the Clerk notified Shultz that the reporter's record had not been filed; and thus, the appeal would be submitted on the clerk's record alone. When Shultz's brief was ultimately filed in June of 2016, a copy of

---

[1] Shultz had a retained attorney at trial and on appeal. He was not determined to be indigent and was thus not entitled to proceed without the payment of costs. *See* TEX. R. APP. P. 37.3(c)(2)(B).

the reporter's record of only the State's argument was attached to his brief which allegedly supported the issue he raised in the brief. The Clerk notified Shultz by letter dated June 30, 2016 that no reporter's record had been filed and that the Court could not rely on the appendix as the official reporter's record. Shultz was then given the opportunity to address the issues the Court had in any manner he chose. Shultz did not reply.

We only have a clerk's record in this appeal, and the clerk's record does not show any error by the State in its argument at guilt/innocence. Further, we cannot consider the record attached as an appendix to Shultz's brief. S*ee Sabine Offshore Service, Inc. v. Port Arthur*, 595 S.W.2d 840 (Tex. 1979); *Hutchinson v. State*, No. 10-13-00120-CR, 2014 Tex. App. LEXIS 4202, at *7-8 (App.—Waco 2014, pet. ref'd) (not designated for publication); *Pierce v. State*, No. 10-09-00320-CR, 2010 Tex. App. LEXIS 5323, *3-4 (Tex. App.—Waco July 7, 2010, no pet.) (not designated for publication). Accordingly, Shultz's sole issue is overruled, and the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed December 7, 2016
Do not publish
[CR25]

