**Vacated and Dismissed and Memorandum Opinion filed October 19, 2017.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-16-00603-CV

---

### WILLIAM H. POFF AND JULIA A. POFF, Appellants

### V.

### CYPRESS FOUR PROPERTY VENTURES LLC, Appellee

---

**On Appeal from the County Court at Law**
**Waller County, Texas**
**Trial Court Cause No. C16-049**

---

## M E M O R A N D U M    O P I N I O N

Julia and William Poff appeal from the trial court's order of eviction in this forcible detainer action. Because the Poffs have vacated the property and their lease has expired, the issue of possession has become moot. Accordingly, we vacate the trial court's judgment and dismiss the case.

"The only issue in a forcible detainer action is the right to actual possession of the premises." *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782,

785 (Tex. 2006). A tenant's giving up of possession of property following a judgment of possession for the landlord in a forcible detainer action will moot the tenant's appeal if appellate relief is futile. *See id.* at 787. Appellate relief is futile if the tenant does not hold and assert a potentially meritorious claim of right to current, actual possession of the property. *See id.*

In *Marshall*, the tenant failed to post a supersedeas bond to stay the execution of the judgment of possession for the landlord, and the tenant involuntarily vacated the property to avoid execution of a writ of possession. *Id.* at 786–87. After the tenant appealed, the lease expired on January 31, 2003. *See id.* at 784–85. The tenant did not claim a right to possession after the lease expired. *Id.* at 787. "Thus, there was no live controversy between the parties as to the right of current possession after January 31, 2003, and the issue of possession was moot as of that date." *Id.*

The Poffs acknowledge in their reply brief on appeal that the lease was "up" on January 31, 2017. All parties have attached a copy of the lease to their appellate briefs, showing that the lease expired on January 30, 2017, "at which time this Residential Lease Agreement shall terminate."[1] Another provision of the lease provides that rent would increase after the initial term of the lease, which the Poffs contend on appeal "allowed [the lease] to continue month to month by increasing the rental payment." But, this provision does not contradict the unambiguous

---

[1] The record before this court does not include the lease. We will consider the lease since both parties rely on it and we are evaluating our own jurisdiction. *See* Tex. Gov't Code 22.220(c) ("Each court of appeals may, on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction."); *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (noting that the court of appeals could consider affidavits outside the record only "for the purpose of determining whether the issue is moot, a jurisdictional question"); *Nabelek v. City of Houston*, No. 01-06-01097-CV, 2008 WL 5003737, at *4 (Tex. App.—Houston [1st Dist.] Nov. 26, 2008, no pet.) (considering the appellant's verbatim recitation of a document not in the appellate record when the appellee did not oppose the request).

provision of the lease that states it terminates on January 30, 2017. In this situation, there is no live controversy between the parties as to the right of current possession after January 30, 2017, and the issue of possession was moot as of that date. *See id.*

Accordingly, we do not address the Poffs' complaints on appeal concerning the alleged wrongful eviction and entitlement to statutory damages. As the Poffs acknowledge, they brought several claims against appellee related to the alleged wrongful eviction in a district court action. *See id.* at 787 ("Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession."); *see also Garcia v. Galvan*, No. 14-11-00338-CV, 2012 WL 1606312, at *4 (Tex. App.—Houston [14th Dist.] May 8, 2012, pet. dism'd w.o.j.) (mem. op.) (holding that a "judgment for a landlord in a forcible detainer action does not bar a tenant's suit for wrongful eviction"). Today, by separate opinion, we also decide the appeal from that case in Cause No. 14-16-00824-CV.

Having concluded that the Poffs' appeal is moot, we vacate the trial court's judgment and dismiss the case. *See Marshall*, 198 S.W.3d at 790.

/s/    Ken Wise
Justice

Panel consists of Justices Christopher, Brown, and Wise.