

NUMBER 13-17-00641-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

AMERICAN BANK, N.A. AS TRUSTEE OF THE
LISA MARIE BUCKLEY TRUST AND CO-TRUSTEE
OF THE JOHN BUCKLEY, JR. TRUST AND
KELLY ROSE KINARD TRUST, ET AL.,                          Appellants,

v.

MOOREHEAD OIL & GAS, INC., MOOREHEAD
ACQUISITION, LLC, AND MOOREHEAD
OIL & GAS, LLC,                                           Appellees.

---

**On Appellant American Bank N.A.'s Motion to Show Authority
and Appellees' Motion to Strike American Bank, N.A.'s Appeal,
or in the Alternative, Motion to Show Authority.**

---

# ORDER

**Before Justices Rodriguez, Contreras, and Hinojosa
Order Per Curiam**

This is an appeal of a summary judgment rendered by the 28th District Court of

Nueces County, Texas, in a proceeding to determine the fair value of ownership interests in corporate stock under section 10.361 of the Texas Business Organizations Code. *See* TEX. BUS. ORGS. CODE ANN. § 10.361 (West, Westlaw through 2017 1st C.S.). Attorney Matthew W. Bobo filed the notice of appeal and has filed an appellants' brief, both of which identify appellants as:

> American Bank, N.A. as trustee of the Lisa Marie Buckley Trust and co-trustee of the John Buckley, Jr. Trust and Kelly Rose Kinard Trust, John Buckley, Jr. Trust, Lisa Marie Buckley Trust, Kelly Rose Kinard Trust, together with John Buckley, Jr., Lisa Marie Buckley, and Kelly Kinard, as trustee, co-trustee, and/or trust beneficiaries of the John Buckley, Jr. Trust, Lisa Marie Buckley Trust and Kelly Rose Kinard Trust, and/or shareholders[.]

The brief additionally identified "Trustee" as American Bank, N.A. (the Bank) and listed separate counsel for the Bank. *See* TEX. R. APP. P. 38.1(a).

Before the Court is the Bank's "Motion to Show Authority and Response to Appellants' Brief" arguing that, although it "consented" to Bobo filing the instant appeal, it objects to certain statements and arguments made in Bobo's brief because they were "made outside the scope of any contemplated representation" of the Bank. In its motion, the Bank asks that we: (1) order Bobo to withdraw the objected-to statements and arguments; (2) order Bobo to "withdraw from joint representation" of the Bank along with the other appellants; or (3) order the brief to be "amended or redrawn to exclude the bank as a party to such brief as it is currently filed." The Bank notes that, although it objects to certain statements and arguments in the brief, it joins in the rest of the brief and "continues to stand fully in support" of the other appellants' efforts to reverse the trial court's judgment. The Bank attached to its motion an affidavit by its counsel accompanied by several exhibits, including a letter from the Bank's counsel to Bobo regarding the potential appeal of the trial court's final judgment. The letter points out the then-pending appellate

2

deadlines and seeks to "confirm that [Bobo] will be representing the three trusts and the beneficiaries with respect to the appeal of the order that has been entered by [the trial court]."

Bobo has filed a response to the Bank's motion, again identifying the appellants and "Trustee" as set forth above, and stating that his "representation has at no time been that of counsel to the Bank." Instead, Bobo states that his "representation has been strictly limited to" the other named appellants. Bobo's response additionally notes that the affidavit and exhibits attached to the Bank's motion are not part of the appellate record and therefore cannot be considered "in determining the substantive issues" of the appeal. Appellees also filed a response to the Bank's motion asking us to "disregard" the evidence attached to the motion for any purpose other than determining the scope of Bobo's representation.

Appellees have filed a separate "Motion to Strike American Bank N.A.'s Appeal, or in the Alternative, Motion to Show Authority" in which they argue that Bobo "plainly held himself out as counsel for the Bank in both the Notice of Appeal and in Appellants' Brief." Appellees ask that we strike the Bank's notice of appeal and briefing, or in the alternative, cause Bobo to appear before this Court and show his authority to act as counsel for the Bank. *See* TEX. R. CIV. P. 12.

Having fully considered the Bank's motion, appellees' motion, the responses thereto, and the record, we are of the opinion that the motions should be denied. Although the notice of appeal and appellants' brief filed by Bobo in this cause are ambiguous regarding the identity of the appellants, we do not believe it is necessary to strike those documents given the representations by both Bobo and the Bank's counsel as set forth

3

above. Instead, we believe it is sufficient to protect the interests of the parties for this Court to construe both documents as being filed solely on behalf of the non-Bank appellants. Therefore, nothing in the brief will be construed as a judicial admission on the part of the Bank.

Further, we assure the parties that, in accordance with the law, this Court will decide the substantive merits of the appeal exclusively on the materials that have properly been made a part of the appellate record. *See, e.g., Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) ("Affidavits outside the record cannot be considered by the Court of Civil Appeals for any purpose other than determining its own jurisdiction.").

For the foregoing reasons, the Bank's Motion to Show Authority and appellees' Motion to Strike the Bank's Appeal, or in the Alternative, Motion to Show Authority are hereby DENIED.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
29th day of May, 2018.

4