**Order entered March 20, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01493-CV

## DARLENE C. AMRHEIN, Appellant

## V.

## PROSPERITY BANK, JO'EL DOE, KEENA CLIFTON, AND NAOMI THAMES, Appellees

### On Appeal from the 199th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 199-05352-2016

## ORDER

This is an appeal from an order dismissing the underlying suit for failure to post security in accordance with an order declaring appellant vexatious. By order dated March 7, 2019, we directed court reporter Sheri J. Vecera to provide a list of all recorded hearings in this cause and directed appellant, within ten days of the list being provided, to file an amended designation of the reporter's record limited to proceedings in this cause. Our order also directed Ms. Vecera to file the record without prepayment of costs as nothing before us reflected appellant, who has filed a statement of inability to pay costs, has been ordered by the trial court to pay costs. In response, appellant has filed an opposed motion to clarify whether our order limiting the reporter's record to proceedings in this cause "include[s] the use of 'other outside cases' to claim

false 'vexatious litigant' by appellees." Ms. Vecera has also filed a response, providing the requested list of recorded hearings and informing the Court she has filed a contest to appellant's statement of inability to pay costs. The contest is set for hearing on March 27, 2019, and appellees have filed a motion to abate our March 7[th] order pending the hearing. We **ORDER** as follows.

As to appellant's motion for clarification, appellate courts are restricted to the record as produced at trial. *See Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979); *Carlton v. Trinity Universal Ins. Co.*, 32 S.W.3d 454, 458 (Tex. App.—Houston [14[th] Dist.] 2000, pet. denied). Accordingly, the reporter's record shall consist only of the transcription of the designated proceedings in this cause.

As to appellees' motion to abate, we **GRANT** the motion and **ABATE** the deadlines for filing the amended designation and the reporter's record. We **ORDER** Collin County District Clerk Lynne Finley to file, no later than April 1, 2019, a supplemental clerk's record containing a copy of the trial court's order on the contest. The deadlines concerning the record shall be reset once the supplemental clerk's record has been filed and reviewed.

We **DIRECT** the Clerk of the Court to send a copy of this order to Ms. Finley; Ms. Vecera; and, the parties.

/s/  BILL WHITEHILL
    JUSTICE