**Affirmed and Memorandum Opinion filed December 31, 2019.**



In the

# Fourteenth Court of Appeals

## NO. 14-18-00520-CV

### LATIA M. JONES, Appellant

v.

### TEXAS WORKFORCE COMMISSION, Appellee

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2018-26830**

## MEMORANDUM OPINION

Latia M. Jones filed suit against the Texas Workforce Commission (TWC) based on a denial of her claim for Disaster Unemployment Assistance (DUA) after Hurricane Harvey. *See* Robert T. Stafford Disaster Relief and Emergency Assistance Act (Stafford Act), 42 U.S.C.A. §§ 5121–5208 (West 2012 & Supp. 2019); *id.* § 5177 (West 2012) ("Unemployment Assistance"); 20 C.F.R. § 625 (2019). TWC filed a plea to the jurisdiction based on Jones's pleadings. The trial court granted this plea and dismissed all Jones's claims. Jones appeals, and we affirm.

# I. BACKGROUND

In August 2017, Jones applied for federal DUA benefits administered by TWC. In September 2017, TWC issued a decision that Jones's unemployment was not a direct result of a major disaster and she was ineligible for DUA benefits. *See* 20 C.F.R. §§ 625.5, .9 (2019).

Jones requested an administrative appeal of this determination. TWC conducted an administrative hearing by telephone. In November 2017, the TWC appeal tribunal issued its decision affirming the denial of Jones's DUA application. *See id.* § 625.10(a). Jones requested further administrative appeal of the TWC appeal tribunal's decision.

TWC forwarded Jones's appeal to the United States Department of Labor (DOL) for a final administrative decision. *See id.* § 625.10(c) (providing for review by appropriate regional administrator, employment and training administration). In December 2017, the DOL regional administrator issued his decision denying Jones's DUA claim.

At the same time Jones's administrative appeal was proceeding, TWC inadvertently released DUA benefits to Jones. In January 2018, after TWC realized the error, TWC began the administrative process to recover the DUA benefits paid to Jones to which she was not entitled. *See id.* § 625.14. Jones attempted further administrative appeals with both TWC and DOL. TWC and DOL informed Jones that the decision of the DOL regional administrator was the final and conclusive administrative decision on her DUA claim and there was no further administrative appeal available.

In March 2018, Jones filed a petition in Harris County District Court against, and sought damages from, TWC and TWC employees Chris Oakley, Francis Brown,

Jimmy Mullens, Lasha Lenzy, and Melissa M. Butler.[1] In pertinent part, Jones alleged that she was entitled to "trial de novo as a matter of right" under Texas Labor Code section 212.202 to challenge TWC's "reversed decision/determination" on her DUA claim.

TWC and the TWC employees answered with a general denial. They also filed a plea to the jurisdiction. The trial court initially signed an order denying the plea to the jurisdiction without prejudice. After a hearing by phone, the trial court signed an order on June 11, 2018, granting TWC and the TWC employees' plea to the jurisdiction and dismissing all Jones's claims against them for lack of jurisdiction.

## II.   ANALYSIS

In two related issues, Jones argues that the trial court erred by granting TWC's plea to the jurisdiction and disallowing her "request for judicial review Trial *de novo* as a matter of law." In her brief, Jones does not identify the TWC employees as appellees. Significantly, Jones does not raise or argue any "issues or points of error" against them. *See* Tex. R. App. P. 38.1(a), (f), (i); *Showbiz Multimedia, LLC v. Mountain States Mortg. Ctrs., Inc.*, 303 S.W.3d 769, 771 n.3 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (appellee must be party against whom appellant raises

---

[1] Additional defendants were DOL Employment and Training Administration Region IV (Texas), and DOL employees Nanette Green, Nicholas Lalpuis, and Robert S. Kenyon. On May 30, 2018, the trial court signed an order dismissing all Jones's claims against these defendants with prejudice for lack of subject-matter jurisdiction. Jones did not mention this dismissal order in her amended notice of appeal. *See* Tex. R. App. P. 25.1(d). Nor does Jones identify DOL and the DOL employees as appellees or otherwise bring any "issues or points of error" against them in her brief. *See id.* 38.1(a), (f), (i); *Showbiz Multimedia, LLC v. Mountain States Mortg. Ctrs., Inc.*, 303 S.W.3d 769, 771 n.3 (Tex. App.—Houston [1st Dist.] 2009, no pet.). In passing in her brief, Jones asserts that the trial court had jurisdiction over DOL and the DOL employees pursuant to title 28, section 1346, of the United State Code. *See* 28 U.S.C.A. § 1346 (West 2019). But Jones fails to mention, much less substantively explain or analyze, any such issue in the argument section of her brief. We therefore find briefing waiver. *See* Tex. R. App. P. 38.1(i); *Canton–Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

issues or points of error in appellant's brief). We conclude that the only appellee is TWC.

In its plea, TWC argued that the trial court did not have jurisdiction to review TWC's decision denying Jones's DUA claim. Generally, sovereign immunity, unless waived, protects the State, its agencies, and its officials from lawsuits for damages, absent legislative consent to sue the State. *Fed. Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). TWC is a state agency. Tex. Labor Code Ann. § 301.001(a). "Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). A plea questioning the trial court's jurisdiction raises a question of law that we review de novo. *Id.* at 226, 228.

A plea challenging jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both. *See id.* at 226–27. When, as here, the plea challenges the sufficiency of the pleadings, we determine whether the plaintiff has met her burden by pleading facts that affirmatively demonstrate the trial court's subject-matter jurisdiction. *Id.* at 226. In doing so, we construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See id.* If the pleadings are insufficient to establish jurisdiction but do not affirmatively establish an incurable defect, then the plaintiff should be afforded an opportunity to replead. *Id.* at 226–27; *see State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007). However, if the pleadings affirmatively negate the existence of the trial court's jurisdiction, then such a motion may be granted without allowing the plaintiff an opportunity to amend. *Miranda*, 133 S.W.3d at 227.

The federal government provides various types of disaster relief, including unemployment assistance, under the Stafford Act and regulations promulgated

4

thereunder. *See* 42 U.S.C.A. § 5177 (West 2012); 20 C.F.R. § 625 (2019). Here, Jones's application for benefits concerns the federal DUA program, which is administered by TWC under the supervision of DOL. *See* 42 U.S.C.A. § 5177 (West 2012); 20 C.F.R. §§ 625.9, .10 (2019). Under these regulations, the benefits entitlement determination made by TWC may be administratively appealed to the TWC appeal tribunal, as Jones did. *See* 20 C.F.R. §§ 625.9, .10(a) (2019). Further administrative appeal may be taken to the appropriate DOL regional administrator, as Jones did; however, the DOL regional administrator's decision "shall be the final decision under the [Stafford] Act and this part, unless there is further review by the Assistant Secretary as provided in paragraph (d) of this section." *Id.* § 625.10(c)(1), (5).[2] Nothing within the regulations provides for any judicial review of DUA administrative decisions in either federal or state court. And nothing within the regulations provides any waiver of sovereign immunity by the State for DUA claims.

Both in her petition and in her appellate brief, Jones relies on various Labor Code provisions governing dispute resolution, including a provision for judicial review.[3] *See* Tex. Lab. Code Ann. §§ 212.052 ("Determination by Examiner on Examiner's Own Motion"), .054 (Redetermination by Examiner"), .202 ("Standard of Judicial Review; Exceptions Not Necessary"), .205 ("Petition; Supersedeas").

---

[2] The record does not indicate that the DOL assistant secretary for employment and training reviewed the DOL regional administrator's decision regarding Jones's DUA application. *See* 20 C.F.R. § 625.10(d) (2019). Even when such further review takes place, "[t]he decision of the Assistant Secretary shall be final and conclusive, and binding on all interested parties, and shall be a precedent applicable throughout the States." *Id.* § 625.10(d)(7).

[3] Jones generally asserts that "evidence she submitted" "supports her request for a trial *de novo.*" However, TWC correctly points out that Jones includes no record citations in the argument section of her brief. *See* Tex. R. App. P. 38.1(i). Jones instead cites to an appendix to her brief and to a motion she claims to have filed with the trial court. These items do not appear in the record, and we do not consider them. *See Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (per curiam); *Carlton v. Trinity Universal Ins. Co.*, 32 S.W.3d 454, 458 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

However, these provisions apply only to TWC administrative decisions made on a claimant's application for unemployment benefits under the Texas Unemployment Compensation Act. *See generally* Tex. Lab. Code Ann. §§ 201.001–217.007 (Supp. 2019). They do not apply to TWC decisions regarding a claimant's application for federal DUA benefits under the Stafford Act, much less waive TWC's sovereign immunity for lawsuits related to DUA claims. Even construing Jones's petition liberally, we conclude that she seeks damages for, and her allegations solely relate to, the adverse decision made by TWC on a claim for DUA benefits.

We conclude that Jones's pleadings affirmatively negated the existence of the trial court's jurisdiction. Therefore, the trial court did not err by granting TWC's plea to the jurisdiction and dismissing all Jones's claims against it. *See Miranda*, 133 S.W.3d at 227.

We overrule Jones's two issues.

## III. CONCLUSION

Accordingly, we affirm the trial court's order granting TWC's plea to the jurisdiction.


/s/    Charles A. Spain
Justice


Panel consists of Chief Justice Frost and Justices Spain and Poissant.

6