**DISMISS and Opinion Filed October 19, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00825-CV

**MR. GREGORY B. JACKSON, Appellant**

**V.**

**MR. KEN, MESQUITE TEXAS BRANCH MANAGER, TRUE BLUE/PEOPLE READY CORPORATION, MS. STEPHANIE LIBADIA, HUMAN RESOURCES, MR. STEVE PROJECT MANAGER INDIANA INDUSTRIES, Appellees**

**On Appeal from the 95th District Court
Dallas County, Texas
Trial Court Cause No. DC-19-17283**

## MEMORANDUM OPINION
Before Chief Justice Burns, Justice Whitehill, and Justice Nowell
Opinion by Chief Justice Burns

Before the Court is appellant's motion for extension of time to file his notice of appeal. Appellant seeks to appeal from the trial court's July 10, 2020 order granting a Rule 91a motion to dismiss.[1] *See* TEX. R. CIV. P. 91a. Appellant did not

---

[1] The order dismisses appellant's claims against Mr. Ken, Mesquite Texas Branch Manager, True Blue/People Ready Corporation, and Ms. Stephanie Libadia, Human Resources. The order does not address appellant's claims against Mr. Steve Project Manager Indiana Industries. Because nothing in the record reflected those claims had been addressed, we questioned whether the order was final and appealable. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (subject to mostly statutory exceptions, appeal may be taken only from final judgment or order that disposes of all parties and claims). In jurisdictional briefing, appellant notes Mr. Steve was not served and explains Mr. Steve was no longer "included as a

file a motion for new trial or to modify the judgment. Accordingly, the notice of appeal was due August 10, 2020 or, with an extension motion, August 25, 2020. *See* TEX. R. APP. P. 4.1(a), 26.1, 26.3. The notice of appeal, however, was not filed until September 11, 2020.

A motion for extension of time is proper only when the notice of appeal is filed within the extension period. *See id.* 26.3. Because the notice of appeal here was filed outside the extension period, we deny the motion without regard to the merits and dismiss the appeal and all other pending motions for want of jurisdiction. *See id.* 42.3(a); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g) (timely filing of a notice of appeal is jurisdictional).

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

200825F.P05

---

defendant" after "his employer could not be located and his last name could not be discovered." *See Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (per curiam) (noting appellate court may consider affidavit outside the record for purposes of determining jurisdiction). Under these circumstances, "the case stands as if there had been a discontinuance" as to Mr. Steve, and the order is deemed final for purposes of appeal. *See Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962) (judgment that disposes of some but not all defendants is final for purposes of appeal if only remaining defendants have not been served and nothing in record reflects plaintiff ever expected to obtain service on unserved defendants).



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

Mr. GREGORY B. JACKSON,
Appellant

No. 05-20-00825-CV     V.

Mr. Ken, Mesquite Texas Branch
Manager, True Blue/People Ready
Corporation, Ms. Stephanie Libadia,
Human Resources, Mr. Steve Project
Manager Indiana Industries,
Appellees

On Appeal from the 95th District
Court, Dallas County, Texas
Trial Court Cause No. DC-19-17283.
Opinion delivered by Chief Justice
Burns, Justices Whitehill and Nowell
participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

Judgment entered October 19, 2020.