**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00240-CV**
_____

**PATRICIA MASSEY, Appellant**

**V.**

**OLIVER WILLIAMS, Appellee**

_____

**On Appeal from the County Court at Law No. 2**
**Montgomery County, Texas**
**Trial Cause No. 21-32164**
_____

**MEMORANDUM OPINION**

This forcible detainer case began in the justice court. Oliver Williams obtained a default judgment for possession and back rent, and Patricia Massey appealed to the county court at law. The trial court signed a docket control order that set the case for a bench trial on July 26, 2021, scheduled an announcement docket for the Tuesday prior to trial, and set a pre-trial conference for the Friday prior to trial. Williams filed a motion for default judgment after Massey failed to file a written answer. After a hearing in which Williams offered no evidence, on July 16, 2021, the trial court

1

signed an order granting the motion and ordering that a writ of possession issue. The order did not render judgment on the claims for rent and attorney's fees pleaded in Williams's amended original petition. On July 20, 2021, the trial court signed an order of dismissal for want of prosecution that struck Williams's pleadings and dismissed the case due to Williams's failure to appear for the call of the announcement docket. A writ of possession issued on July 23, 2021, but the officer's return is blank. Massey filed a notice of appeal on August 12, 2021. Williams did not file a notice of appeal.[1]

On May 9, 2022, Massey filed her Appellant's Brief *pro se*. As relief she asks the Court to grant her the right to buy or lease the property. According to Massey, in July 2021, Williams made a verbal agreement to allow her to stay and on August 3, 2021, Williams's son told her he would be responsible for letting her know what to do. She cites no authority to support her argument. *See* Tex. R. App. P. 38.1(i). No brief has been filed on behalf of the Appellee.[2]

---

[1]We "may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause." Tex. R. App. P. 25.1(c).

[2]In a letter, an attorney retained by Bridget Williams and Renee Rylander informed this Court that he had not been retained for the appeal but he advised that Oliver Williams died intestate on August 3, 2021. The appeal continues as if all the parties were alive. *See id.* 7.1(a). Our correspondence has been sent to counsel of record for the appellee. *See id.* 6.1(b), 6.3(b). Trial counsel did not file a nonrepresentation notice. *See id.* 6.4.

Massey's argument relies entirely upon facts not shown in the record. We must limit our review of the trial court's judgment to matters shown in the trial court's record. *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979). We cannot reverse a trial court's judgment absent properly assigned error. *Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998).

This appeal presents no reversible error. *See* Tex. R. App. P. 44.1(a) ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals."). Accordingly, we affirm the trial court's July 20, 2021 Order of Dismissal.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on July 26, 2022
Opinion Delivered August 4, 2022

Before Golemon, C.J., Horton and Johnson, JJ.

3