**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER**

Appellate case name:      Clyde Dene Miles v. Richard Babcock, Greta Bennett, and
Dy Nugen

Appellate case number:    01-22-00408-CV

Trial court case number:   20-DCV-270490

Trial court:               434th District Court of Fort Bend County

Appellant, Clyde Dene Miles, incarcerated and proceeding pro se, filed a notice of appeal from the trial court's April 25, 2022 order to dismiss the underlying case for want of prosecution. On September 1, 2022, appellant filed a motion for production of records in this Court. In his motion, appellant states that he "need[s] the records on how many times" a corrections officer has had a "use of force" allegation noted in "his records." Appellant states that he needs these documents to "show the [C]ourt" that the warden and assistant warden "f[a]iled to stop" the corrections officer from hurting other inmates.

On appeal, an appellate court may not consider any matters not included as a part of the appellate record, which includes the clerk's record and reporter's record, if any. *See Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979); *see also* TEX. R. APP. P. 34.1. The Texas Rules of Appellate Procedure identify items which are to be included as a part of the clerk's record, including, in relevant part: (1) all pleadings on which the trial was held, (2) the trial court's docket sheet, (3) the trial court's judgment or order being appealed, and (4) the notice of appeal. *See* TEX. R. APP. P. 34.5(a).

The clerk's record for this appeal was filed with this Court on June 8, 2022. A review of the clerk's record does not reflect that any documents identified by appellant's motion are a part of the clerk's record. To the extent there are items in the trial court's record which have been omitted, appellant may request that the trial court clerk file a supplemental clerk's record including those omitted items. *See* TEX. R. APP. P. 34.5(c)(1). However, documents not included as a part of the trial court's records may not be made a part of the clerk's record on appeal, and this Court may not require parties to produce records which are not a part of the trial court's record.

Because the clerk's record includes only items which are a part of the trial court's records, and because our review of the trial court's order is limited to the appellate record, we **deny** appellant's motion for production of records.

Separately, appellant has filed a motion requesting an extension of time to file his appellant's brief.  Appellant's brief is currently due on or before October 17, 2022.  In his motion, appellant states that he was transferred to a new prison unit on or around September 9, 2022, and he did not currently have access to his personal property.  Appellant requests that the deadline for filing his brief be extended ninety days.  Appellant's motion to extend is **granted**.  Appellant's brief is due to be filed no later than **January 17, 2023**.  Absent extraordinary circumstances, no further extensions will be provided.

It is so ORDERED.


Judge's signature:  _____/s/ Amparo Guerra_____
☑ Acting individually    ☐ Acting for the Court


Date:  __September 20, 2022___