

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00135-CR

_____

ROBERT JAMES BERRY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Donley County, Texas
Trial Court No. 4072; Honorable Stuart Messer, Presiding

August 24, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Pursuant to a plea bargain, Appellant, Robert James Berry, was placed on deferred adjudication community supervision for a term of four years, with a fine of $4,000, for the offense of aggravated assault with a deadly weapon, enhanced by a prior burglary

conviction.[1] Eight months later, the State alleged that Appellant violated multiple conditions of his community supervision and moved to proceed with an adjudication of guilt on the original charge based on numerous violations of the conditions of his community supervision. In exchange for pleas of "true" to the allegations that he committed two new offenses, Appellant agreed to a sentence of twenty-five years and a fine of $4,000. At a brief hearing, the trial court accepted the State's recommendation, adjudicated Appellant guilty of aggravated assault, with an affirmative finding on use of a deadly weapon (a knife), and sentenced him to twenty-five years confinement and a fine of $4,000.

By a sole issue, Appellant contends his counsel during the adjudication process provided ineffective assistance by causing him to enter pleas of "true" to the State's allegations that he committed two new offenses. Based on the rationale expressed herein, we affirm.

### BACKGROUND

Appellant was charged with intentionally or knowingly threatening another with imminent bodily injury by threatening to kill him while using or exhibiting a knife. A plea bargain was reached in which Appellant agreed to being placed on deferred adjudication community supervision. One of the conditions of community supervision was that he avoid committing any new offenses.

---

[1] TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West 2019). As charged, the aggravated assault is a second degree felony. The enhancement paragraph elevated the punishment to that of a first degree felony. *Id.* at § 12.42(b). An offense "punished as" a higher offense raises the level of punishment, not the degree of the offense. *Oliva v. State*, 548 S.W.3d 518, 526-27 (Tex. Crim. App. 2018).

The State alleged that on December 30, 2019, Appellant falsified drug test results and was in possession of drug paraphernalia and the State moved to proceed with adjudication. Counsel was appointed to represent Appellant.

According to documents attached to Appellant's brief but which are not part of the trial or appellate record, another party claimed responsibility for the two offenses to which Appellant entered pleas of "true" on the advice of counsel. The responsible party signed an affidavit attesting to borrowing Appellant's car on the day he was arrested. She claimed responsibility for the drug paraphernalia and the falsified drug test results found in Appellant's car. Two other documents attached to Appellant's brief reflect that both charges against him were dismissed. Finally, the brief includes a handwritten statement from Appellant indicating his counsel "didn't know that both the charges I was being revoked for were being dismissed."[2] Appellant's statement also reveals that his counsel met with him only briefly before the hearing and discarded his claims of having exculpatory evidence.

After the trial court adjudicated Appellant guilty of the original offense and imposed the twenty-five-year sentence and fine, Appellant filed a *pro se* motion for new trial. In that motion, he alleged the trial court's decision was contrary to the law and the evidence and requested a new trial in the interest of justice. No hearing was held and the motion was overruled by operation of law. Appellant appealed the *Judgment Adjudicating Guilt*.

---

[2] In Appellant's brief, his appellate counsel states that counsel was provided with the guilty party's affidavit and the documents reflecting dismissal of the charges against Appellant.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

Appellant's sole issue questions the effectiveness of counsel's representation during the adjudication proceeding. Specifically, he asserts that counsel's errors caused him to enter pleas of "true" to allegations that he committed new offenses in violation of the conditions of his community supervision. We disagree for the following reasons.

The right to reasonably effective assistance of counsel in a criminal prosecution is guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Texas Constitution. U.S. CONST. amend VI; TEX. CONST. art. 1, § 10. To establish a claim based on ineffective assistance, an appellant must show that (1) his counsel's representation fell below the objective standard of reasonableness and (2) there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In other words, an appellant must show his trial counsel's performance was deficient and that he was prejudiced by the deficiency. *State v. Gutierrez*, 541 S.W.3d 91, 98 (Tex. Crim. App. 2017).

A claim of ineffective assistance of counsel must be firmly demonstrated in the record. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999)). "It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). We must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013).

4

In most cases, as here, the record on direct appeal is not sufficiently developed and "cannot adequately reflect the failings of trial counsel" for an appellate court "to fairly evaluate the merits of such a serious allegation." *Lopez*, 343 S.W.3d at 143. Under such circumstances, claims of ineffective assistance of counsel rejected due to lack of adequate information may be considered on an application for a writ of habeas corpus. *See id. See generally* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015).

### ANALYSIS

Appellant argues that counsel's representation was ineffective because he advised him to enter pleas of "true" to two allegations of criminal charges that had been dismissed after another party confessed to commission of the new offenses. He contends that but for counsel's error, he would have likely proceeded with a contested hearing on the allegations presented by the State.

While this court is not unsympathetic to Appellant's predicament, the official appellate record before this court is devoid of any evidence to support Appellant's argument. Documents or exhibits included in the appendix of an appellate brief that do not appear in the trial court record may not be considered on direct appeal. *Estes v. Spears*, No. 07-19-00375-CV, 2020 Tex. App. LEXIS 7498, at *4-5 (Tex. App.—Amarillo Sept. 16, 2020, no pet.) (mem. op.). Additionally, an affidavit that is outside the official record may not be considered on direct appeal. *Id.* (citing *Sabine Offshore Serv.*, *Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (per curiam)); *Griffith v. State*, 507 S.W.3d 720, 728 (Tex. Crim. App. 2016) ("An appellant may not go outside the appellate record in making his arguments for relief on appeal.").

Because the sole question on appeal from an order adjudicating guilt is whether the trial court abused its discretion, *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013), based on the record before the trial court, we cannot say the trial court's ruling constituted an abuse of discretion. Appellant's sole issue is overruled.

### REFORMATION OF JUDGMENT

In reviewing the clerk's record in this case, it has come to this court's attention that the judgment contains a clerical error. The summary portion of the judgment incorrectly reflects under "Degree" that Appellant was convicted of a *first degree* felony. However, Appellant's conviction for aggravated assault with a deadly weapon is a *second degree* felony. TEX. PENAL CODE ANN. § 22.02(a)(2). The offense was punishable as a first degree felony solely because it was a once-enhanced second-degree felony conviction. *See id.* at § 30.02(b)(2). *See also Oliva v. State*, 548 S.W.3d 518, 526-27 (Tex. Crim. App. 2018) (holding that an enhancement raises the level of punishment, not the level of the offense).

This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b). *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30. Thus, we modify the trial court's *Judgment Adjudicating Guilt* to reflect "Second

6

Degree Felony" in the summary portion under "Degree."  The trial court is ordered to enter a *Judgment Adjudicating Guilt Nunc Pro Tunc* to reflect this reformation and the trial court clerk is directed to provide a copy of the corrected judgment to the Institutional Division of the Texas Department of Criminal Justice and to this court.

### CONCLUSION

The trial court's judgment is affirmed as reformed.


Patrick A. Pirtle
Justice


Do not publish.